STATE OF MINNESOTA *vs.* GEORGE SAWYER.

April 28, 1890.

Criminal Law—Bond and Stipulation to Abide by Judgment—Subsequent Appeal.—After conviction upon a criminal charge, (the violation of a city ordinance,) the execution of the judgment of the court having been stayed for a stated time, and the defendant having, in connection with such stay, voluntarily entered into a bond to abide by the judgment, and having stipulated so to do, and having expressly waived all objections to the judgment, he has not the right afterwards to assert, in an appellate proceeding, that such judgment was invalid.

Writ of error to the municipal court of Minneapolis.

*Thomas J. Leftwich*, for plaintiff in error.

*Albert H. Hall*, for the State.

DICKINSON, J.[1]  In November, 1889, the above defendant, upon trial in the municipal court of the city of Minneapolis, was convicted of a violation of a city ordinance relating to the sale of intoxicating liquor, and was sentenced to pay a fine of $100, and in default thereof to be committed to the workhouse. It was further adjudged, in form, that his license to sell intoxicating liquor be annulled. The court then ordered that the execution of its judgment be stayed until the 10th day of January, 1890. The defendant entered into a bond, in the sum of $1,500, to appear at that time and abide the order of the court, and to abide by and perform the stipulations entered into at the time of the granting of this stay and the executing of this

[1]Mitchell, J., did not sit in this case.

bond. This stipulation, signed by the attorneys for the defendant and the city, respectively, after reciting the facts above referred to, expressed the agreement of the stipulating parties that the defendant should at once close, and keep closed, certain rooms previously used by him in connection with his saloon, to the improper use of which the charge upon which the defendant was convicted related; that on the 10th day of January, 1890, the defendant would appear before the court and pay the fine imposed by the judgment of the court, and would then surrender and release his license for the sale of liquor, and abide by the judgment in every part thereof,—expressly admitting by this stipulation that the forfeiture of the license was in all respects lawful and just, and that the judgment was sustained by the facts and in accordance with law, expressly waiving all objections thereto. On the 10th day of January, 1890, the defendant sued out a writ of error; and now, in this court, he calls in question the validity of the judgment, and particularly with respect to that part of it declaring the license to be forfeited.

We understand from the record, showing the above facts, that after conviction and sentence the defendant procured, or at least accepted and acquiesced in, a stay of proceedings for his benefit and to his advantage, in connection with which he executed the bond and stipulation referred to. This was a part of the proceedings in this cause. Whether the action of the court in the premises was proper and justifiable we do not deem it necessary to consider. The defendant having gained the benefit of a stay of execution by means of his agreement to abide by the judgment, and for that purpose having expressly waived all objection thereto, is now precluded from asserting the contrary. It was competent for him to waive his right of appeal, or any objection that may have existed to the judgment. His action in the premises involved such a waiver, and he has not now the right to invoke a decision from this court as to the validity of the judgment.

Writ quashed, and the cause will be remanded to the court below for execution of the judgment.