## AUGUSTA KRIEG v. CLEM BOFFERDING AND OTHERS.[1]

June 14, 1918.

No. 21,013.

**Dismissal of appeal — terms of stipulation binding.**

An agreement by the parties to an action, founded on a valuable consideration, limiting the time within which an appeal may be taken therein is valid, and the time so agreed upon cannot be enlarged by an ex parte order of the trial court.

Action in the district court for Hennepin county. The case was tried before Steele, J., and a jury which returned a verdict for 'plaintiff. From an order denying their motion for judgment notwithstanding the verdict or for a new trial defendants Clem Bofferding and R. O. Haegele appealed. Motion to dismiss the appeal granted as to Bofferding, and denied as to Haegele.

*John F. Bernhagen,* for appellants.

*Charles B. Elliott* and *A. L. Hershman,* for respondent.

PER CURIAM.

Plaintiff had a verdict in this action, and a stay of proceedings was ordered

[1] Reported in 167 N. W. 1047.

to enable defendants to settle a case and move for a new trial. The stay expired and defendants were in default; no case was settled or motion for a new trial made. Judgment was then entered on the verdict in favor of the plaintiff. Thereafter, at the instance and request of defendant Bofferding, plaintiff consented to a renewal and extension of the stay of proceedings, to the end that defendants might have further time within which to settle a case and move for a new trial. In consideration of such consent it was further expressly stipulated that, if the motion for a new trial should be made and denied, defendant Bofferding would either pay the judgment or appeal from the order within 48 hours from the date of filing the same in the office of the clerk of the district court. A case was settled and a new trial denied within the time fixed by the agreement of the parties. Defendant Bofferding did not pay the judgment, and failed to appeal from the order within the time agreed upon. Plaintiff moves to dismiss an appeal taken after the expiration of such time. The motion is granted. The stipulation and agreement limiting the time for the appeal, under the facts stated, was valid. State v. Sawyer, 43 Minn. 202, 45 N. W. 155; 2 Standard Enc. Pr. 204. The trial court was without authority by ex parte order to enlarge the time for appeal as agreed upon.

. The appeal of defendant Bofferding is therefore dismissed. The motion is denied as to defendant Haegele.