[Criminal No. 457.   Filed March 1, 1919.]

[178 Pac. 780.]

WALTER L. BARNES, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—APPEALS—GROUNDS.—By Penal Code of Arizona of 1913, section 1153, accused may appeal from final judgment of conviction, from order denying new trial, and from order made after judgment affecting his substantial rights.

2. CRIMINAL LAW—APPEAL—"ORDERS MADE AFTER FINAL JUDGMENT." Orders in prosecution for wife abandonment, after conviction fixing bond for support of wife and suspending sentence for three years, were not "orders made after final judgment," supporting appeal under Penal Code of Arizona of 1913, section 1153.

3. CRIMINAL LAW—APPEAL—WAIVER OF RIGHT—SUSPENSION OF PROCEEDINGS.—Defendant, convicted of wife abandonment, waived right to appeal from order denying new trial where, immediately after denial of motion, he offered to enter into undertaking mentioned in Penal Code of Arizona of 1913, section 251, for support of his wife, to induce court to suspend proceedings against him, which was done.

APPEAL from an order refusing a new trial entered by the Superior Court of the county of Maricopa.  R. C. Stanford, Judge.  Dismissed.

Mr. J. J. Cox, Mr. A. Y. Moore and Mr. L. J. Cox, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. W. P. Geary, Mr. George W. Harben and Mr. F. J. K. McBride, Assistant Attorneys General, for the State.

CUNNINGHAM, C. J.—The appellant, Walter L. Barnes, was informed against, charging him with a violation of section 250, Penal Code of 1913, the willful abandonment of his wife, leaving her in a destitute condition. Upon a trial the jury, on the twenty-eighth day of September, 1917, returned a verdict of guilty. On October 2, 1917, the appellant filed a motion for a new trial, which motion was on said date denied. On the third day of October, 1917, the following appears from the minute entries, omitting the formal title of the cause:

"Comes now L. M. Laney, county attorney, present on the part of the state, the defendant being present in court in person and represented by counsel; and thereupon the defendant announces to the court that he will furnish a good and sufficient bond conditioned for the support of his wife; and

"It is ordered by the court that the said defendant shall furnish a bond in the sum of $2,000 on or before 9:30 A. M., October 4, 1917, with good and sufficient sureties conditioned for the support of the wife of the said defendant.

"It is further ordered that the passing of sentence in this cause be deferred to 9:30 A. M., October 4, 1917."

Thereupon this order follows:

"Comes now L. M. Laney, county attorney, present on the part of the state, the defendant being present in court and represented by counsel; and thereupon the defendant states to the court that he will furnish bond in the sum of $1,500 conditioned for the support of his wife, and thereupon the proposed sureties upon the said bond are examined and accepted by the court, and it is directed that the bond be forthwith filed, the said bond to be conditioned that the said defendant will pay to the probation officer of this court, for the support and maintenance of the wife of the said defendant, the sum of thirty-five ($35.00) dollars per month, beginning November 1, 1917, and that the defendant will pay

to the said probation officer the sum of twelve and 50/100 ($12.50) dollars as expenses to be incurred for the lying in and attendance upon his said wife during her sickness. The said sum of twelve and 50/100 ($12.50) dollars to be paid at the time of the birth of her child.''

On October 4, 1917, the bond referred to in the said orders, in the penal sum of $1,500, was approved by the trial judge and filed in the cause. The sureties are Wm. Barnes and Ed. Barnes. The bond recites that this appellant was convicted by a jury of the offense of abandonment and failure to provide for his wife as such ''offense is defined in section 250,'' Penal Code of 1913, and that ''after such conviction, and on this 3d day of October, 1917, said defendant, Walter L. Barnes, did appear before the above-entitled court and offer to enter into this undertaking in consideration that the court suspend sentence in said cause: Now, therefore, if the above-named defendant, Walter L. Barnes, shall hereafter, on the 1st day of each and every month for the period of one year, pay to the chief probation officer of the above-entitled court, for the use, benefit, support, and maintenance of said Viola Barnes, the sum of thirty-five dollars ($35.00), the first of said thirty-five dollar payments to be made on November 1, 1917, and if the said defendant, Walter L. Barnes, shall at the time of, or within five (5) days after the time of, the birth of the child with which the said Viola Barnes is now pregnant, pay to the chief probation officer the further sum of twelve dollars and fifty cents ($12.50) for the purpose of paying for medical attendance at the time of the birth of said child, then this undertaking shall be null and void; otherwise to remain in full force and effect.''

This undertaking is signed by Walter L. Barnes as principal and by said sureties.

On the same day and date the further order and proceeding was had to the following effect: The court recites the presence of the parties in court and that time for sentence of the defendant has arrived; that the defendant had been informed of the nature of the offense charged in the information; that defendant had pleaded not guilty; of the trial and verdict of guilty returned by the jury on September 28, 1917. The court expresses the opinion that the defendant is guilty of said crime ''and it appearing to the court that the ends of justice will be subserved if sentence be not im-

posed upon said defendant at this time and defendant be
placed upon probation:

"It is therefore ordered, adjudged, and decreed, according
to the statutes of the state of Arizona in such cases made and
provided, that the sentence in this cause be suspended for a
term of three (3) years, and that said defendant be placed
on probation, under the charge and supervision of the pro-
bation officer of this court, subject to which restriction the
said defendant shall be permitted to go at large, conditioned,
however, on his good behavior and on his complying with such
other conditions of probation as the court may designate;
the court expressly reserving all the rights by law granted
to impose sentence at any time within the said period of pro-
bation, if the interests of justice should so require, and if the
defendant should at any time violate the said conditions of
his probation, or his conduct otherwise not warrant a con-
tinuation of the suspension of sentence herein granted."

On October 10, 1917, the defendant gave notice of appeal
from the order of October 2, 1917, denying defendant's motion
for a new trial; also from the order of October 3, 1917, fixing
bond for support; also from the order of October 4, 1917,
"suspending sentence of defendant for a period of three
years, and from the final judgment in said cause entered by
the court herein on the fourth day of October, 1917."

A defendant to a criminal prosecution may appeal upon
the following specific grounds:

"(1) From a final judgment of conviction. (2) From an
order denying a motion for a new trial. (3) From an order
made after judgment affecting the substantial rights of the
party." Section 1153, Penal Code 1913.

The orders made in this case are, in no sense, orders made
after final judgment, for the very evident reason no final
judgment has yet been rendered in the cause. Consequently,
if the appeal can be sustained, it must be sustained for the
reason that it is prosecuted from the order refusing a new
trial. Assuming, but not deciding, that a defendant may
appeal from an order refusing a new trial, after he has been
convicted by a jury and before final judgment has been pro-
nounced, yet the record in this case clearly shows that, after
appellant's motion for a new trial was denied, appellant
immediately offered to enter into the undertaking mentioned
in section 251, Penal Code of 1913, for the purpose of inducing

the court to suspend proceedings against him, and that such undertaking was furnished by the appellant with sureties approved by the court, and the undertaking, so furnished and approved, was filed in the cause. The undertaking on its face recites that "after such conviction and on this 3d day of October, 1917, said defendant, Walter L. Barnes, did appear before the above-entitled court and offer to enter into this undertaking in consideration that the court suspend sentence in said cause. . . . "

The undertaking and the condition in which it was furnished are in substantial conformity with the requirements of section 251, Penal Code, *supra,* wherefore the court is authorized in its discretion to "suspend proceedings or sentence thereon, and said undertaking shall be valid and binding for one year. . . . ".

The offer of the defendant to enter into the undertaking, conditioned as required by section 251, Penal Code of 1913, and the acceptance of his offer, and the order of the court suspending the proceedings, all at the defendant's request, and for the special benefit of defendant, after his motion for a new trial was denied, leaves no just grounds for defendant's complaint of injury from the order refusing a new trial. The undertaking offered and furnished is inconsistent with a new trial. Such undertaking is effective only after conviction and before final judgment, as a voluntary act of defendant for his benefit. The order suspending proceedings is inconsistent with an appeal by defendant. He is benefited —not harmed.

It was competent for the defendant to have waived an appeal from the order denying his motion for a new trial, and to have waived all of the errors alleged to have been committed at the trial, which are remediable by a motion for a new trial in the lower court or by this court on appeal. His actions in the premises, voluntarily performed after his new trial was refused, involved a waiver of his right of appeal. He acquiesced in the order refusing a new trial, and adopted another course of action; that is, a course of action which resulted in a suspension of proceedings and a restoration of his liberty temporarily. Without any doubt, the defendant asked for and received benefits from the order suspending proceedings against him, which could not be allowed consistent with an appeal. He is therefore estopped by such

conduct from asserting that he is injured in the least by such order refusing a new trial. To entertain this appeal is to permit this appellant to invoke a decision of the court as to the validity of an order refusing a new trial, notwithstanding the appellant has acquiesced in such order recognizing its validity, and by so doing has received benefits inconsistent with a reversal of the order.

In *State* v. *Sawyer*, 43 Minn. 202, 45 N. W. 155, the court, in disposing of a record in some respects similar to this, said:

"We understand from the record, showing the above facts, that after conviction and sentence the defendant procured, or at least accepted and acquiesced in, a stay of proceedings for his benefit and to his advantage, in connection with which he executed the bond and stipulation referred to. This was a part of the proceedings in this cause. Whether the action of the court in the premises was proper and justifiable we do not deem it necessary to consider. The defendant having gained the benefit of a stay of execution by means of his agreement to abide by the judgment, and for that purpose having expressly waived all objection thereto, is now precluded from asserting the contrary. It was competent for him to waive his right of appeal, or any objection that may have existed to the judgment. His action in the premises involved such a waiver, and he has not now the right to invoke a decision from this court as to the validity of the judgment."

"So, also, a party who by words or actions expresses satisfaction or acquiescence in a judgment may be estopped to question its validity." 12 Cyc. 885, 886.

Whether, after the termination of the order suspending proceedings, the cause proceeds to a final judgment, the defendant may then appeal and have this court review the order refusing a new trial, we do not decide. The extent of our decision on this record is that the appellant is estopped, by his conduct inconsistent with an appeal, from prosecuting an appeal in this court while a valid order exists in the lower court suspending proceedings there.

The appeal is therefore dismissed without prejudice.

ROSS and BAKER, JJ., concur.