**Maxine M. AMPLATZ, Petitioner, Appellant,**

v.

**Kurt A. AMPLATZ, Respondent.**

**No. 49920.**

Supreme Court of Minnesota.

Feb. 1, 1980.

Rehearing Denied March 20, 1980.

Daly & McGrath, St. Paul, for petitioner, appellant.

Peterson, Gray & Sheahan, St. Paul, for respondent.

TODD, Justice.

Appellant, Maxine Amplatz, the petitioner in an action for marital dissolution, appeals from the order of the Ramsey County District Court denying her motion for a new trial. We affirm.

The parties to this action were married in Texas on July 3, 1955. Four children were born of the marriage, only one of whom remained unemancipated at the time of this proceeding. The marriage was dissolved by a judgment and decree filed on October 18, 1978. No appeal was taken from the judgment itself, but rather only from the order of the trial court denying appellant's post-trial motion for a new trial.

Included in the judgment and decree were provisions directing the respondent to make alimony and support payments in the aggregate amount of $2,000 per month commencing in November, 1978. The respondent's payment and appellant's acceptance of $1,500 per month as alimony resulted in the threshold issue for determination by this court.

■ Respondent moved to dismiss this appeal upon the basis that a spouse who accepts payments under the alimony or property settlement of a judgment and decree of marital dissolution is estopped from attaching its validity on appeal. *Spratt v. Spratt*, 140 Minn. 510, 166 N.W. 769; 140 Minn. 512, 167 N.W. 735 (1918); *Marvin v. Foster*, 61 Minn. 154, 63 N.W. 484 (1895); and *Watson v. Watson*, 238 Minn. 403, 57 N.W.2d 691 (1953).

This court has, in the past, joined a majority of the jurisdictions in holding that the acceptance and retention of benefits under a decree of dissolution precludes an attack upon its validity. Of course, exceptions to that general rule existed to accommodate a number of factual necessities unrelated to the instant matter. *See, e. g., Atwood v. Atwood*, 229 Minn. 333, 39 N.W.2d 103 (1949).

However, it now appears that the policy reasons supportive of the estoppel principle are no longer as compelling. Instead, a more rational approach would require an examination as to whether, by such acceptance, the party intended to acquiesce in the judgment and whether, in the event the judgment is ultimately reversed or modified, the assets have not been so dissipated as to prevent their recovery. *Gordon v. Gordon*, 218 Kan. 686, 545 P.2d 328 (1976) and *Katz v. Katz*, 10 Ill.App.3d 39, 293 N.E.2d 904 (1973).

It is therefore the view of this court that the principles espoused in *Spratt v. Spratt, supra,* and *Marvin v. Foster, supra,* as applicable to marital dissolution proceedings, are overruled and the motion to dismiss the appeal, based upon that authority, is denied.

■ Appellant only seeks review of the order of the district court denying her motion for a new trial. In the absence of a showing that the trial court has clearly abused its discretion in its alimony and property awards and in its denial of the post-trial motion, the order must stand. *Cooper v. Cooper*, 298 Minn. 247, 214 N.W.2d 682 (1974).

Affirmed.