In the Matter of the Estate of Bernard John KUEBER.

No. C3-85-1985.

Court of Appeals of Minnesota.

July 8, 1986.

James O. Ramstad, Irvine, Ramstad, Quam, Briggs, & Irvine, P.A., Detroit Lakes, for appellant Duane Kueber.

Gregory D. Larson, Thomason & Larson, Park Rapids, for respondent Ruth L. Beetham.

Heard, considered, and decided by HUSPENI, P.J., and LESLIE and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

Respondent Ruth Beetham petitioned to renounce decedent Bernard Kueber's will and to elect to take her statutory share of the estate as decedent's spouse. The trial court granted the petition. Decedent's brother and personal representative of the estate, Duane Kueber, appeals. We affirm.

## FACTS

Respondent Ruth Beetham and decedent Bernard Kueber were married in Texas in 1945. They had five children, one of whom died as a young child in 1957. The family moved to Minnesota in 1946 and then to Colorado in 1955. In 1957, decedent abandoned the family. After that time, other than infrequent gifts, decedent provided no child support or other kind of support for the family's maintenance.

In 1963, respondent filed marriage dissolution papers in Colorado. However, her attorney waited before proceeding to trial because respondent was unable to afford the attorney's fee. At about the same time, decedent contacted respondent and asked her to write a letter to the Internal Revenue Service (IRS) on his behalf. Decedent had apparently been claiming the children as deductions and wanted respondent to verify this to the IRS for him. Respondent agreed to write the letter on the condition that decedent pay her attorney so that the divorce could be finalized. Decedent agreed to this proposal. Respondent wrote the letter to the IRS. Decedent, however, never paid the attorney.

In 1964, the Colorado court dismissed the divorce action for failure to prosecute. Respondent, however, presumed and believed that the divorce had become final. Respondent never saw decedent again. In 1965 she married Charles Beetham.

Decedent executed a will in 1983. The will devised a 40 acre parcel of real estate to his brother Peter and a cabin along with two adjoining lots to his brother Duane. The will contained no bequests for respondent; it gave $100 to each of the four living children. In April 1984, decedent conveyed the 40 acre plot to his brother Peter. He conveyed the land as a single person. Kueber died in May 1984.

After respondent heard of Kueber's death, she discovered that their divorce had never been finalized. She then petitioned the court for her statutory elective share as decedent's spouse. After finding that respondent and decedent had never been divorced from each other, the trial court granted the petition, concluding that respondent was entitled to an undivided one-third share of decedent's estate and any property conveyed by him without respondent's signature.

## ISSUE

Did the trial court err in concluding that respondent is entitled to a surviving spouse's elective share of decedent's estate?

## ANALYSIS

■ When a married person domiciled in Minnesota dies, the surviving spouse has a right of election to a one-third share of the decedent's augmented estate. Minn.Stat. § 525.212 (1984). A person is a surviving

spouse if his or her marriage to the decedent was not dissolved or annulled. *See* Minn.Stat. § 524.2–802 (1984). Both marriages and marriage dissolutions are controlled by statute in Minnesota. *See* Minn. Stat. chs. 517, 518 (1984). Neither common law marriages nor common law divorces are recognized. *See* Minn.Stat. §§ 517.01, 518.06 (1984).

Application of the controlling statutory provisions to the facts of this case compels the conclusion that respondent is a surviving spouse because she and decedent were never divorced. Respondent is therefore entitled to her statutory elective share of one-third of decedent's estate, including property conveyed by him without her written consent. *See* Minn.Stat. § 525.16(1)–(2) (1984) (surviving spouse inherits an undivided one-third of all real property of which the decedent at any time while married to such spouse was seized or possessed, to the disposition whereof by will or otherwise such survivor shall not have consented in writing, and one-third of all personal property free from any testamentary disposition thereof to which such survivor shall not have consented in writing).

■ Appellant argues that the equitable remedy of estoppel should be invoked to prevent respondent from claiming the elective share. The basis for estoppel is found in *Marvin v. Foster*, 61 Minn. 154, 63 N.W. 484 (1895). The trial court here declined to apply *Foster*, stating that it considered the case to be overruled by statute.[1]

We recognize that equitable principles are not necessarily limited by statutory developments. Even accepting the continued viability of *Foster*, however, there are significant factual and equitable differences between that case and the present case. In *Foster*, the husband also abandoned his wife and family. His wife divorced him but the divorce was later held void due to

defective service. The husband had actual notice of the pendency of the divorce action. After receiving notice that the divorce had been granted, he married another woman. Then, when his first wife died, he attempted to assert a claim to her estate as her surviving spouse. He was estopped from making that claim, however, because he "voluntarily accepted the privileges, benefits, and fruits of the void judgment of divorce." *Id.* at 159, 63 N.W. at 486.

The most important factual distinction between *Foster* and this case is that there was no court proceeding here, and no subsequent judgment. In *Foster*, there was a completed court action with a judgment of divorce, which was only later held to be void due to defective service. The absence of *any* judgment dissolving respondent's marriage to decedent only strengthens the conclusion that respondent is a surviving spouse under the applicable probate statute. *See* Minn.Stat. § 524.2–802 (even a decree of separation is not a dissolution of marriage for purposes of spousal inheritance if the decree did not terminate the status of husband and wife).

Two other factual distinctions affect the balancing of equities here. First, the husband in *Foster* had actual notice that the divorce was final; here, respondent erroneously believed that the divorce had been finalized. Second, the electing spouse in *Foster* was the deserting husband; here, the electing spouse is the abandoned wife.

Decedent's failure to pay the attorney's fees for the divorce deprived respondent of a final decree that would have protected to some extent her property rights and would have required decedent to provide his children with financial support. We do not excuse respondent's failure to inquire as to the status of her divorce. Further, we recognize the lack of wisdom exhibited by her in relying on her husband's assertions. However, decedent should not be permitted

---

1. Respondent argues that *Foster* has also been overruled by case law. *See Amplatz v. Amplatz,* 289 N.W.2d 164 (Minn.1980). *Amplatz,* however, overruled the "principles espoused" in *Foster* only "as applicable to marital dissolution proceedings." *Id.* at 165. Because the present case is a proceeding in probate and not a dissolution, the holding in *Amplatz* is inapplicable here.

to avoid the financial responsibilities of divorce during life and then also avoid after death, through his will, the financial responsibilities of marriage.

Ultimately, the equities here run counter to those present in *Foster*. In *Foster*, the party attempting to claim against the decedent's estate was the one who abandoned the family, who never supported the family after his departure and who acted upon the knowledge of the flawed divorce decree to enter into a second marriage. The doctrine of estoppel was appropriately invoked against him. The trial court's findings here that decedent abandoned his wife, never paid any support money, and failed to follow through on his agreement to pay his wife's attorney's fees in exchange for her letter to the IRS make it clear that estoppel would be inappropriate under the circumstances of this case.

Finally, we note the court's comment in *Foster* that it did not "lend any countenance to the idea that parties may become divorced upon the ground of estoppel by conduct." *Foster*, 61 Minn. at 160, 63 N.W. at 486. Marriages are both created and dissolved only by compliance with the controlling statutory requirements. Minnesota statutes on marriage, marriage dissolution and probate mandate the result that the trial court reached here.

### DECISION

The trial court did not err in granting respondent an undivided one-third share of decedent's estate as decedent's surviving spouse.

Affirmed.