## Rice, et al. v. Blair.

(Decided May 1, 1914.)

### Appeal from Johnson Circuit Court.

1. Appeal—When Not Barred by Limitation.—An appeal taken November 19, 1913, from a judgment entered November 18, 1911, is not barred by limitation, although the year 1912 was leap year, as under the statute, the word "year" means a calendar year.

2. Appeal—Dismissal of Prior Appeal.—The dismissal of a prior appeal does not prevent the suing out of another appeal within two years.

J. F. BAILEY for appellant.

VAUGHAN, HOWES & HOWES for appellee.

OPINION BY CHIEF JUSTICE HOBSON—Overruling Motion to Dismiss Appeal.

The judgment appealed from was rendered November 18, 1911; the appeal was sued out November 17, 1913. A plea of limitation has been filed on the ground that the year 1912 was leap year and that more than two periods of 365 days elapsed from the judgment to the granting of the appeal. But section 452, Kentucky Statutes, provides:

"The word month shall be construed to mean a calendar month, and the word year, a calendar year."

By section 745 of the Civil Code, "An appeal shall not be granted except within two years next after the right to appeal first accrued."

As the word year means a calendar year it is immaterial that the year 1912 was leap year. The fact that a prior appeal was dismissed does not affect the right to prosecute this appeal sued out in due time.

The motion to dismiss the appeal is, therefore, overruled.