## Tate's Administratrix et al. v. Bryan-Hunt Co. et al.

(Decided May 14, 1935.)

FLEM D. SAMPSON, J. M. ROBSION, L. G. CAMPBELL and JOHN W. SAMPSON for appellants.

BEN V. SMITH & SON and B. J. BETHURUM for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This action was filed in 1925, under section 428, Civil Code of Practice, to settle the estate of W. S. Tate. It was consolidated with that of Beecher Smith v. Linnie Tate et al. A judgment therein was entered at the March term of court, 1926.

On the night of June 16, 1927, the courthouse and its contents were destroyed by fire. Such of the original papers as had not been destroyed in the fire were supplied, and the judgment was re-entered of record. The master commissioner, by an order entered on the 21st day of November, 1927, was directed to execute the judgment in "the consolidated cases," as directed in the original. On the 28th day of June, 1929, an order was entered concerning the taxation of the costs, and the payment of the allowances therein mentioned; also directing the master commissioner to execute and deliver a deed to the land theretofore sold under the judgment. On the 29th day of April, 1931, another order was entered directing the corrections of former order respecting certain claims. On the 30th day of April, 1931, a third order was entered by agreement of the parties, setting aside an order entered on the 29th day of April, 1931; on the 30th day of April, a fourth order was entered reciting that the report of receipts and disbursements of the master commissioner, showed a balance in his hands of $936.61, and directed him to pay certain taxes. On the same day another order was entered, setting aside an order entered "in Civil Order Book No. 2, Page 98," and directing the payment of an allowance to the receiver for his services; on the 30th day of April, 1931, another order was entered concerning the report and settlement of the master commissioner, and directed it to be recorded.

In their statement of facts filed in the office of the clerk of this court required by section 739, Civil Code of Practice, the appellants designate the day, the term,

432

and the page of the record on which the judgment and orders appear in the record from which they intend to appeal.

This appeal was filed in the clerk's office of this court on April 26, 1933. The judgment directing the sale of the personal and real estate of Tate, for the payment of his debts, is designated in their statement of facts as the one from which they appeal, was rendered in 1926. It was re-entered. of record in 1927, after the fire. It is therefore apparent that the appeal from this judgment was not taken and perfected within two years next after the right to appeal first accrued. For this reason, in so far as it involves this judgment, the appeal should be and is dismissed, because it was barred by the statute of limitation at the time it was taken. Rice v. Blair, 158 Ky. 680, 166 S. W. 180.

The appellants in their brief confined their argument to an attack of the above judgment. They have not briefed the issues disposed of by any of the other orders designated in their statement of facts. They have enitrely failed in their brief to discuss or consider either of them, or any question determined in either of them. In the circumstancs, we are not inclined to, nor is it our duty to, ransack the record for the purpose of determining whether either of those orders, in whole or in part, is either erroneous or improper.

For this reason, in so far as they are here involved, the ruling of the circuit court is approved, and thus affirmed.