[Civil No. 3725. Filed February 24, 1936.]

[54 Pac. (2d) 791.]

In the Matter of the Application of D. V. KEENE for a Writ of Habeas Corpus. D. V. KEENE, Appellant, v. J. R. McFADDEN, Sheriff of Maricopa County, Arizona, Appellee.

Mr. Marshall W. Haislip, for Appellant.

Mr. Harry Johnson, County Attorney, and Mr. John W. Corbin, Deputy County Attorney, for Appellee.

ROSS, J.—This is an appeal from an order refusing to release petitioner, D. V. Keene, from prison upon his application for a writ of *habeas corpus*. He claims that his detention and restraint are illegal and without authority of law.

The facts are as follows: On August 6, 1928, the county attorney of Maricopa county filed an information against the petitioner charging him with failure to provide for his wife. Section 4636, Rev. Code 1928. On August 9th the petitioner pleaded guilty to the information. This was criminal cause No. 9340.

On the same dates he was charged with and pleaded guilty to the offense of failure to provide for minor child, section 4635, Id.; the latter being criminal cause No. 9341. On August 9th, in both cases, the imposition of sentence was suspended for five years on condition that petitioner report monthly and pay to the adult probation officer of Maricopa county, into whose charge and supervision he was committed during probation, for the support of the wife $10 per month and for the support of the minor children $50 per month.

On February 9, 1932, because petitioner had not kept and performed the conditions of his probation, the court in cause No. 9341 revoked the suspension of sentence and ordered a bench warrant issued for his arrest. The probation officer, to whom the warrant of arrest was delivered for execution, on December 4, 1935, apprehended the petitioner and took him before the court, whereupon, on December 9, 1935, long after the probation period, the court sentenced him to imprisonment in the state prison for not less than one and not more than five years in each case, to run concurrently.

The suspension of the imposition of sentence in case No. 9340 was not revoked at any time prior to December 9, 1935, or at all.

The petitioner contends that the court had no jurisdiction to sentence him, and bases his contention upon section 5105, Revised Code of 1928, wherein is prescribed the procedure for the suspension of imposition of sentence and revocation of such suspension and the pronouncement of judgment. Under such section the suspension of the imposition of sentence may continue during the longest term the accused may be imprisoned, upon terms and conditions determined by the court. In this case the maximum term for failure to provide for a wife is five years, and the

same penalty is prescribed for failure to provide for a minor child or children.  Section 4485, Id.

Section 5105, *supra,* under which the court acted in this matter, is modeled somewhat after the California statute.  Section 1203, Penal Code.  Apparently it was copied from California with some omissions.  A careful analysis of this statute satisfies us that it was the intention of the legislature to give to the court very complete supervisory power over the person of the probationer during the period of probation.  The period of probation can be for the full length of time the probationer could be imprisoned, or for any less time.  And, whether it is the one or the other, the court during that period may modify it by extending it to the maximum, or by reducing it, or by discharging the probationer.  Or the court may revoke the suspension, order the probationer arrested, and thereupon sentence him as though no probation had been granted.  The court's right or power to do any of these things is purely statutory, and it must be exercised within the time and on the terms indicated by the statute.  The whole purport of the statute seems to be that, if the court would revoke the suspension of sentence and order the arrest of the probationer, it should be "at any time during the probationary term," and "upon such revocation and termination . . . pronounce judgment at any time after said suspension of the sentence."  We refer particularly, however, to the last paragraph of said section, which reads:

"The court may at any time during the period of probation revoke or modify its order of suspension of imposition or execution of sentence.  It may, at any time, when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation and discharge the per-

son so held, and in all cases, if the court has not seen fit to revoke the order of probation and *impose sentence* or pronounce judgment, the defendant shall at the end of the term of probation, be by the court discharged." (Italics ours.)

This paragraph makes it the imperative duty of the court, "if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment" during the period of probation, to discharge defendant "at the end of the term of probation."

In *People* v. *O'Donnell,* 37 Cal. App. 192, 174 Pac. 102, the probationer was arrested and the suspension of his sentence revoked, and he sentenced to imprisonment after the period of probation had fully expired. It was there held that the court had no jurisdiction to revoke the suspension and impose imprisonment after the period of probation.

. The facts in cause No. 9340 bring it within the rule of that case.

Cause No. 9341 is different, in that the suspension of sentence was revoked and the defendant ordered re-arrested during the period of probation, but he was not apprehended and was not taken before the court, and was not sentenced until long after the period of probation. We think the statute contemplates, not only that the order of probation should be revoked, but also that sentence be imposed *during the period of probation,* and that, unless that is done, it is the duty of the court to discharge the probationer. *People* v. *Lippner,* 219 Cal. 395, 26 Pac. (2d) 457.

At the time the court revoked the suspension of sentence and ordered the arrest of the probationer clearly it had jurisdiction, and from that time on until the end of the period of probation could have imposed sentence. However, after the expiration of the probationary period, the court had no jurisdiction

to impose sentence. This seems quite clear from the language of the statute.

The order appealed from is reversed and the case remanded, with directions that judgment be entered discharging the petitioner from custody.

LOCKWOOD, C. J., and McALISTER, J., concur.