[Criminal No. 862. Filed April 18, 1938.]

[78 Pac. (2d) 498.]

JAMES L. BROOKS, Appellant, v. STATE OF ARIZONA, Respondent.

Mr. John J. McCullough, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley and Mr. J. M. Johnson, his Assistants, for Respondent.

McALISTER, C. J.—On November 14, 1935, one James L. Brooks was convicted of the crime of grand larceny and on November 22d thereafter, following the denial of his motion for a new trial, the court, acting upon the recommendation of the jury that sentence be suspended, postponed the imposition thereof for a period of six years, and at the same time admonished the defendant that

"if at any time within the said six years you commit any crime you will be arrested and sentenced to the state prison for a term of not less than four nor more than six years from date of sentence." His bond was then exonerated.

Nothing further was done in the case for nearly two years, or until August 27, 1937, when the defendant was arraigned on an information charging him with the crime of purchasing junk from a boy thirteen years of age, to which he entered a plea of not guilty. The hearing on that charge was then set for three days later, the defendant's bond fixed at $500 cash and the order of November 22, 1935, postponing the imposition of sentence, revoked. At the conclusion of the hearing on August 30th, at which the testimony of several witnesses was taken, the court decided that the defendant was guilty of the charge of purchasing junk from a minor and that in consequence had violated the terms and conditions of his probation so it thereupon sentenced him to imprisonment in the state prison for a term of not less than four nor more than six years from that day, August 30, 1937, for the crime of grand larceny for which he had been convicted in November, 1935.

On October 14, 1937, the defendant gave notice of appeal from the order overruling his motion for a new trial on November 22, 1935, the day it was filed, and from the final judgment of conviction and sentence rendered on August 30, 1937. Shortly after the filing of his brief on January 10, 1938, which was devoted wholly to the errors alleged to have been committed in the trial of the case in November, 1935, the respondent moved for a dismissal of the appeal upon the ground, first, that it had not been perfected within the time prescribed by statute and, second, that he was estopped from prosecuting his appeal because he had accepted the benefits of and acquiesced in all the proceedings incident to the suspension of his sentence on November 22, 1935.

No reply to the motion to dismiss was made by appellant but the court declined to grant it at that time, though it was good in so far as it was based on the appeal from the order denying his motion for a new trial, because that motion was overruled immediately after the trial in November, 1935, and no appeal therefrom was even attempted until October 14, 1937. Under section 5134, Revised Code of 1928, a defendant may appeal from a final judgment of conviction, from an order denying a motion for a new trial or from an order made after judgment affecting his substantial rights, and when the appeal is to the Supreme Court the notice thereof must, under section 5138, Revised Code of 1928, be given within sixty days after the rendition of the judgment or the making of the order appealed from. It is clear, therefore, that a notice of appeal from an order denying a motion for a new trial filed nearly two years after the latter was denied was too late and without any effect whatever in perfecting the appeal, but it would seem to be equally clear that the notice of appeal from the final judgment or sentence was within the time set by stat-

ute, because, even though the information charging grand larceny was tried in November, 1935, the final judgment or sentence in the case was not pronounced until August 30, 1937, and the notice of appeal therefrom was filed on October 14, 1937, forty-five days thereafter. The state contends, however, that notwithstanding this was within the sixty days prescribed by the statute, the appeal should still be dismissed because the appellant had accepted the benefits of the suspension of the imposition of the sentence and he should not, after having done this, be permitted to bring the final judgment to this court for review. It was due to the fact that this presented a question demanding serious consideration that the motion to dismiss was not acted upon at that time but carried over to be determined in connection with the appeal itself.

 After a plea or verdict of guilty and the refusal to arrest the judgment or grant a new trial it is the duty of the court to pronounce judgment and sentence. But under section 5105, Revised Code of 1928, the court may, where it has jurisdiction as to the extent of the punishment and either party orally suggests that there are circumstances in mitigation thereof, hear the same summarily, and if it appears that the suggestion is well-founded, or that the ends of justice would be subserved thereby, it has power in its discretion to place the defendant on probation, instead of pronouncing judgment and sentence, in the following manner:

"1. The court, judge or justice thereof, may suspend the imposing of sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, which may be imposed, and upon such terms and conditions as it shall determine, and shall place such person on probation, under the charge and supervision of the

probation officer of said court during such suspension. . . .

"At any time during the probationary term of the person released on probation, any probation officer may, without warrant or other process, at any time until the final disposition of the case, re-arrest any person so placed in his care and bring him before the court, or the court may, in its discretion, issue a warrant for the re-arrest of any such person and may thereupon revoke and terminate such probation, if the interest of justice so requires, and if the court, in its judgment shall have reason to believe that the person so placed upon probation is violating the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates, or a vicious life. Upon such revocation and termination, the court may, if the sentence has been suspended, pronounce judgment at any time after the said suspension of the sentence within the longest period for which the defendant might have been sentenced, but if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke such suspension, whereupon the judgment shall be in full force and effect, and the person shall be delivered over to the proper officer to serve his sentence."

When the imposition of sentence is suspended and the terms and conditions thereof fixed, the defendant has his freedom as long as he lives up to these conditions, but, it will be observed, that if the court has reason to believe that he "is violating the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates, or a vicious life," and the interests of justice so require, it may at any time within the longest period for which the defendant might have been sentenced revoke and terminate his probation, and then pronounce judgment. For instance, if the maximum punishment of the crime to which he pleads guilty or of which he was convicted is ten years and the court suspends the imposing of sentence for that period of time, the order

of suspension may be revoked and judgment pronounced any time during that period. But if the court, even though punishment for the crime involved may extend to ten years, suspends the imposition of sentence for a shorter period of time, six years, for instance, the order revoking suspension and the pronouncement of judgment must be made within that time. It is apparent from this that it may be a number of years after a plea of guilty or conviction and the entering of the order of suspension before final judgment and sentence is pronounced, and that if a defendant may appeal therefrom at that time and base his case on occurrences at the trial which was had years before, it would in many cases result in defeating justice.

 This is true for several reasons. In the first place it would be impossible in some instances after years had passed to procure a transcript of the evidence for use on appeal, due to the fact that the reporter who took the testimony at the trial might be elsewhere, have become incapacitated or passed away. In the next place, this difficulty not being present, if the court should find it necessary to reverse the case and remand it for a new trial, it would not be possible many times to produce the evidence again after so many years. The witnesses in all probability could not be had because of changes in residence in some instances and of death in others, and in case neither of these difficulties should be encountered the facts would to some extent have been forgotten. That such a result as this may follow, if a defendant who has pleaded guilty or has been convicted and accepted the benefits of probation is permitted to appeal from a judgment or sentence pronounced against him after his probation has been revoked, indicates that it was never intended that a defendant should have the benefits of

probation and at the same time retain the right to appeal from a judgment and sentence that may be pronounced against him later on if he violates his probation. When the imposition of sentence is suspended or postponed and the defendant accepts his freedom thereunder, he foregoes his right of appeal from a judgment that may be pronounced in the future on that conviction, because the order of suspension confers benefits, not harm, upon him, and is inconsistent with an appeal based upon errors committed at the trial, whether that appeal is taken then or at some future time. Accepting the benefits of probation, therefore, instead of permitting the case to go to judgment at that time and appealing from it, estops him from bringing the errors committed at the trial to this court for review. His choice between the benefits of suspension and contesting the case further is final, hence, he cannot thereafter reverse his stand and take advantage of the alternative he had theretofore rejected. By choosing probation he is automatically estopped from appealing and by deciding in favor of appeal he estops himself from benefitting from suspension. He cannot profit from both at the same time, or as the old saying runs, ''He cannot eat his cake and have it too.'' So, if a defendant feels that reversible error has been committed and that he was in consequence thereof wrongfully convicted, he should then take the steps the statute provides for correcting the error, and not proceed upon the theory that he will do it years later, provided the necessity therefor should ever arise, by appealing from the judgment and sentence pronounced at that time, long after he has elected otherwise and when the probabilities are that the evidence, if the case were remanded for a new trial, could not again be produced. His acceptance of probation would not, however, prevent him from taking advantage of any error inhering in the judgment and sen-

tence as then pronounced but merely forecloses action based on errors committed at the trial which his acceptance of the benefits of suspension estops him from reviewing.

In *Barnes* v. *State,* 20 Ariz. 183, 178 Pac. 780, 781, the defendant, after being convicted for the wilful abandonment of his wife, filed a motion for a new trial which was immediately denied. Two days later he entered into a bond in the sum of $1,500, under the provisions of section 251, Revised Statutes of 1913, Penal Code, to support his wife, whereupon the court postponed the imposing of sentence for three years but reserved the right to pronounce it any time within that period if he failed to live up to his undertaking. About a week later, however, or on October 10, 1917, he gave notice of appeal from the order denying his motion for a new trial and this court in sustaining the action of the trial court in that respect used the following language which, as we view it, is just as applicable in principle to an appeal from a judgment and sentence pronounced upon the same conviction years after the defendant has accepted the benefits of suspension as it was to the appeal from the order overruling the motion for a new trial:

"It was competent for the defendant to have waived an appeal from the order denying his motion for a new trial, and to have waived all of the errors alleged to have been committed at the trial, which are remediable by a motion for a new trial in the lower court or by this court on appeal. His actions in the premises, voluntarily performed after his new trial was refused, involved a waiver of his right of appeal. He acquiesced in the order refusing a new trial, and adopted another course of action; that is, a course of action which resulted in a suspension of proceedings and a restoration of his liberty temporarily. Without any doubt, the defendant asked for and received benefits from the order suspending proceedings against

him, which could not be allowed consistent with an appeal. He is therefore estopped by such conduct from asserting that he is injured in the least by such order refusing a new trial. To entertain this appeal is to permit this appellant to invoke a decision of the court as to the validity of an order refusing a new trial, notwithstanding the appellant has acquiesced in such order recognizing its validity, and by so doing has received benefits inconsistent with a reversal of the order.''

The appeal is dismissed.

ROSS and LOCKWOOD, JJ., concur.