[Civil No. 4057. Filed February 13, 1939.]

[87 Pac. (2d) 107.]

In the Matter of the Application of HUBBARD JOHNSON for a Writ of Habeas Corpus. HUBBARD JOHNSON, Appellant, v. STATE OF ARIZONA, Appellee.

Mr. Greg Garcia and Mr. James Garcia, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley, his Assistant, for Appellee.

McALISTER, J.—Hubbard Johnson appeals from an order refusing to release him from prison after a hearing upon his application for a writ of *habeas corpus*. His claim is that he is restrained illegally and without authority of law.

His application was based on these facts: On October 14, 1933, he entered a plea of guilty in the superior court of Maricopa county to the crime of robbery and on the same day the imposition of sentence was suspended for a period of five years from that date upon the conditions fixed by the court, which, so far as the record discloses, he complied with until some time in

October, 1938. On the fourth of that month he was arrested for arson and nine days later, or on October 13th, brought before the superior court and sentenced to a term of not less than five nor more than seven years from that date in the state prison for the robbery to which he had pleaded guilty in October, 1933. Before pronouncing sentence and remanding the petitioner to the sheriff for delivery to the proper officers of the prison the court asked him if he had "anything to say or legal cause to show why the suspension of sentence should not be revoked by virtue of his failure to live up to the terms of probation" and in reply he made a statement but the nature of it is not disclosed by the record. Evidently it was not one that satisfied the court that he had been complying with the conditions of his probation, since sentence was imposed immediately thereafter.

On November 2, 1938, the petitioner was brought before the superior court of Maricopa county on a writ of *habeas corpus* issued out of that court on October 29th for the purpose of determining the legality of his detention in prison. The return of the prison superintendent was that he held petitioner under a commitment issued out of the superior court of Maricopa county, and after a hearing the writ was quashed and the petitioner remanded to the custody of the prison authorities, and it is this order from which he appeals.

██ The contention of the appellant is that the court had no jurisdiction on October 13, 1938, to pronounce sentence against him for several reasons: The first is that he was not granted a proper hearing in that he was not given an opportunity to show whether he had complied with the terms and conditions of his probation. All the record discloses relative to this is that about ten days before the five-year probationary period expired he was arrested for arson and that on

October 13, 1938, the last day of that period, he was sentenced for the robbery to which he pleaded guilty on October 14, 1933. According to the record he was given an opportunity to make a statement, but, since it appears from the allegations of the petition that immediately after he made it the court revoked the suspension of the imposition of the sentence for robbery and imposed one of not less than five nor more than seven years in the state prison, his statement was not, in the judgment of the court, sufficient to show that he had lived up to the terms and conditions of his probation. It is unnecessary to say anything further on this point than to quote the following language in *Varela* v. *Merrill,* 51 Ariz. 64, 76, 74 Pac. (2d) 569, 574:

"We hold, therefore, following what we consider the better rule, that since in Arizona the suspension of sentence is a matter of grace, and not of right, and its granting by the trial judge is purely a matter of discretion, and since the statute nowhere provides as to the character or *quantum* of the evidence necessary to satisfy him that a defendant has violated the conditions of his probation, that when the record shows affirmatively that the trial judge has ordered the suspension of sentence revoked and pronounced sentence, the defendant being present at such time of sentence, there is a conclusive presumption that the trial judge has, in the language of the statute, had 'reason to believe that the person so placed upon probation is violating the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates, or a vicious life.' The record shows that the suspension of sentence was revoked by the court, and that the petitioner was present when he was sentenced. This is sufficient under our statute to sustain the action of the trial court on a petition for a writ of *habeas corpus.*"

The second contention is that the record discloses that the court imposed sentence on October 13,

1938, without first revoking the suspension of the imposition of sentence granted October 14, 1933, and that, this being true, the sentence was illegally imposed. It is alleged in the petition for the writ of *habeas corpus* that on October 13, 1938, the court "did enter an order revoking the Order suspending imposition of sentence made and entered as aforesaid on the 14th day of October, 1933," though the judgment and commitment are silent on the matter. It is true that under section 5105, Revised Code of 1928, the court may, when one on probation is arrested and brought before it during the probationary period, "revoke and terminate such probation, if the interest of justice so requires," etc., and that "upon such revocation and termination, the court may, if the sentence has been suspended, pronounce judgment at any time after the said suspension of the sentence within the longest period for which the defendant might have been sentenced." It is plain from this that it was intended that an order revoking the suspension of the imposition of sentence should be made by the court when it is convinced that the person has violated the terms of his probation and should be sentenced. However, it is clear that when the court imposes sentence it intends to do what is necessary to make it legal, and, hence, revocation, if not specifically made, is necessarily implied in such an order. To fail to revoke could not prejudice a defendant's rights in the slightest and to hold that it would nullify the sentence imposed in its absence would be extremely technical. The situation is one to which the substantial justice clause, section 22, article 6 of the Constitution applies with peculiar force.

The principal ground upon which the appellant relies, however, to show that the court had no jurisdiction on October 13, 1938, to impose sentence is that the entire probationary period of five years

from October 14, 1933, had expired. If this be a fact, the contention must be upheld, because it is intended by section 5105, *supra,* that suspension be revoked and sentence imposed before the probationary period terminates. However, the order of suspension was made October 14, 1933, and sentence imposed October 13, 1938, and from whatever standpoint one views it this was within the five-year period. Section 3039, Revised Code of 1928, which controls the situation, provides that "the time in which an act is required to be done shall be computed by excluding the first day and including the last day," hence the probationary period began October 15, 1933, and ended at midnight October 14, 1938. Even if, as appellant contends, the five-year period began on October 14, 1933, it would have ended at the close of October 13, 1938, for under no rule of construction could the 14th of October of both years have been counted.

The further contention is made, however, that 365 days constitute a calendar year, and that more than five periods of 365 days each of his suspended sentence was served before sentence was imposed, for the reason that from October 14, 1933, to October 13, 1938, there elapsed 1826 days, since one of those periods, 1936, was a leap year and contained 366 days. This contention is based on the statement in Words and Phrases, second series, vol. 4, page 1363, that " 'the "year" in law is 365 calendar days.' " While it is true that the calendar year ordinarily is 365 days, this does not mean that the 366 days a leap year has constitute more than a calendar year. No one could urge with any plausibility that 1936 was not a calendar year the same, for instance, as 1935 or 1937. The term "calendar year" undoubtedly applies just as much to a leap year as it does to any other year. In *Rice* v. *Blair,* 158 Ky. 680, 166 S. W. 180, the court made this statement in holding that the two years in which one

might appeal in that state was not affected by the fact that one of the two was a leap year:

"As the word 'year' means a calendar year, it is immaterial that the year 1912 was leap year."

The order of the court quashing the writ and remanding the appellant to the custody of the superintendent of the state prison was correct and is hereby affirmed.

ROSS, C. J., and LOCKWOOD, J., concur.