282 P.2d 1043

STATE of Utah, Plaintiff and Respondent,

v.

Clarence E. BRIDGE, Defendant and Appellant.

No. 8314.

Supreme Court of Utah.

April 28, 1955.

Herbert L. Sloane, Salt Lake City, George K. Baker, Bountiful, for appellant.

Aldon J. Anderson, Dist. Atty., Russell Harris, Asst. Dist. Atty., Salt Lake City, E. R. Callister, Atty. Gen., for respondent.

WADE, Justice.

Clarence E. Bridge appeals from a conviction of robbery and sentence imposed.

It is appellant's contention that the court erred in admitting a confession obtained from him in the Salt Lake City jail after his arrest and after his request for counsel had been denied by the police. He argues that but for the erroneous admission of this confession the conviction was based solely on the uncorroborated testimony of an accomplice and therefore the evidence would have been insufficient to sustain such conviction.

There is no merit to appellant's contentions. The evidence showed that the robbery was perpetrated by Bridge and two accomplices. Bridge was acquainted with the victim and knew that she kept money in a certain brown purse and so informed his accomplices. His accomplices had never met the victim prior to the night of the robbery. Bridge drove the car to and from the robbery. Because of his acquaintance with the victim, Bridge kept out of her sight. A witness other than his accomplices testified that one of them after obtaining the money from a safe asked the victim where her brown purse was. This testimony was probably sufficient to corroborate that of the accomplice. However, whether such evidence was sufficient corroboration of an accomplice is not conclusive in the present case because under

the ruling of this court in State v. Braasch, 119 Utah 450, 229 P.2d 289, wherein this court held that in the absence of coercion a confession is not inadmissible in evidence merely because it was made while the defendant was without the advice of counsel. In the instant case there is no question of threats, promises or physical or mental coercion to elicit the confession. The evidence showed that when Bridge asked for counsel a police officer told him he would have to submit his request to the jailor. He made no such request and later made his confession. Under such circumstances the court clearly did not err in finding the confession was voluntary and admitting it in evidence.

Although it is not argued in the briefs, the record shows that appellant was convicted of the crime of robbery and by some inadvertence was sentenced by the court for the crime of assault with a deadly weapon with intent to commit robbery. This sentence was clearly erroneous and should be vacated and the prisoner resentenced for the crime he was charged with in the information and of which he was convicted.

Affirmed with instructions to proceed in accordance with this opinion.

McDONOUGH, C. J., and CROCKETT and HENRIOD, JJ., concur.

WORTHEN, Justice.

I concur in the result reached by Mr. Justice WADE, but doubt if there is suffi- cient corroboration without the confession of the defendant upon which to affirm the case.