399 P.2d 905

**Carlton HANEY, Petitioner,**

v.

**Frank A. EYMAN et al., Respondents.**
**No. 8260.**

Supreme Court of Arizona.

En Banc.

March 17, 1965.

Brown, Vlassis & Bain, by George P. Vlassis, Phoenix, for petitioner.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for respondents.

McFARLAND, Justice:

On March 4, 1964, petitioner in propria persona petitioned this court for a writ of habeas corpus, and on June 4, 1964, the attorney general responded by a memorandum. Counsel for petitioner was appointed by this court, and thereafter, counsel submitted a memorandum in support of petitioner's petition, and the attorney general filed a reply thereto. On February 25, 1965, there was an oral argument and a formal hearing before this court, petitioner being present in person and represented by counsel, at which time petitioner testified, and records of the Arizona State Prison were introduced in evidence.

The facts of the case as developed show that on or about the 24th day of March, 1961, an information was filed by the county attorney charging petitioner with four alleged acts of forgery, under A.R.S. § 13–421. Counsel was appointed for petitioner, and on or about May 18, 1961, the original information was amended to one count, charging the passing of a $21.00 bogus

check, under provisions of A.R.S. § 13–311, and on the 31st day of May, 1961 (order was inadvertently dated May 31, 1960), petitioner pleaded guilty to that count in the presence of the court and the appointed counsel. On the same day, The Honorable Jack D. H. Hays, of Division 7, Superior Court of Maricopa County, State of Arizona, signed a judgment and order of guilty in Cause No. 37845, which suspended imposition of sentence of imprisonment for three years, pursuant to A.R.S. § 13–1657, placed petitioner on probation on condition that he conduct himself as a law-abiding citizen, and directed that petitioner make restitution of certain monies, including $371.40 to the Valley National Bank. These amounts have evidently been paid.

The criminal docket of the Superior Court of Maricopa County, Division 6, shows that Judge Hays signed an order on August 14, 1963, in Cause No. 37845, revoking probation and sentencing petitioner as follows:

"The court found and advised the defendant that on the 31st day of May, 1961, the defendant was adjudged guilty of FORGERY (Count I) and that the defendant was then placed on probation. The court further found that the defendant violated said probation.

"IT IS ORDERED (revoking said probation).

"The defendant was asked whether he had anything to say or any legal cause to show why sentence should not be pronounced. There was none.

"IT IS THE JUDGMENT AND SENTENCE OF THE COURT that the defendant be sentenced to serve in the Arizona State Prison for a period of not less than four (4) nor more than five (5) years from the date of your arrival at the penitentiary."

Following the hearing of February 25th, petitioner was given five days to file his brief, and the state five days to reply thereto. Petitioner contends in his brief that the record shows that petitioner was sentenced under the charge of the crime of Forgery, and that he could not legally be sentenced for any crime other than that to which he had entered his plea of guilty, to-wit: the passing of a bogus check in the amount of $21.00, and that for this reason the judgment and sentence of the court were void.

■ A judgment or sentence must conform to the offense for which an accused has been charged and convicted, or to which he has entered his plea of guilty. The court cannot render judgment or pronounce sentence for another or different offense. State v. Bridge, 3 Utah 2d 281, 282 P.2d 1043; State v. Bradley, 247 S.W. 2d 351 (Missouri); Bandy v. Hehn, 10 Wyo. 167, 67 P. 979; Ex parte Dela., 25 Nev. 346, 60 P. 217.

In State v. Bridge, supra, the court stated:

"Although it is not argued in the briefs, the record shows that appellant was convicted of the crime of robbery and by some inadvertence was sentenced by the court for the crime of assault with a deadly weapon with intent to commit robbery. This sentence was clearly erroneous and should be vacated and the prisoner resentenced for the crime he was charged with in the information and of which he was convicted." 3 Utah 2d at 283, 282 P.2d at 1044.

■ This court has held that even though the maximum sentence might be for a longer period of time, if the suspension of the imposition of sentence is for a shorter period—in the instant case, three years—both the sentence and the judgment must be made within that probationary period. Brooks v. State, 51 Ariz. 544, 78 P.2d 498, 117 A.L.R. 925:

"But if the court, even though punishment for the crime involved may extend to ten years, suspends the imposition of sentence for a shorter period of time, six years, for instance, the order revoking suspension and the pronouncement of judgment must be made within that time." 51 Ariz. at 550, 78 P.2d at 500.

Also, in In re Johnson, 53 Ariz. 161, 87 P.2d 107, we held:

"The principal ground upon which the appellant relies, however, to show that the court had no jurisdiction on October 13, 1938, to impose sentence is that the entire probationary period of five years from October 14, 1933, had expired. If this be a fact, the contention must be upheld, because it is intended by section 5105, supra, that suspension be revoked and sentence imposed before the probationary period terminates." 53 Ariz. at 165, 87 P.2d at 109.

In Re Keene, 47 Ariz. 191, 54 P.2d 791, we held, in interpreting what is now A.R.S. § 13–1657:

"Cause No. 9341 is different, in that the suspension of sentence was revoked and the defendant ordered rearrested during the period of probation, but he was not apprehended and was not taken before the court, and was not sentenced until long after the period of probation. We think the statute contemplates, not only that the order of probation should be revoked, but also that sentence be imposed *during the period of probation,* and that, unless that is done, it is the duty of the court to discharge the probationer. People v. Lippner, 219 Cal. 395, 26 P. (2d) 457." 47 Ariz. at 194, 54 P.2d at 792.

■ In the instant case, the court advised petitioner that on the 13th day of May, 1961, he had been adjudged guilty of

Forgery (Count I), and that he had been placed on probation. The court then further found that petitioner had violated said probation, and proceeded to sentence him for the crime of Forgery, giving him a sentence of not less than four nor more than five years. The revocation of the probation and the sentence was for the crime of Forgery (Count I) and not for the crime for which petitioner had entered a plea of guilty—namely, passing of a bogus check in the amount of $21.00. For this reason both the revocation of probation and the sentence were illegal and void.

The three-year probationary period during which the suspension of sentence could be revoked, and petitioner sentenced on the bogus check charge has expired. Petitioner has already served time in the penitentiary since the 14th day of August, 1963, on an illegal and void sentence. His rights have been prejudiced. Hence, petitioner should not be remanded for re-sentencing.

For the reason set forth, it is ordered that the revocation of probation and the judgment and sentence of the court be vacated, and petitioner be immediately released from custody.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and UDALL, JJ., concur.