403 P.2d 938

**STATE of Arizona, Appellee,**
**v.**
**Eugene Victor JOHNSON, Appellant.***
**No. 2 CA–CR 23.**

Court of Appeals of Arizona.
July 9, 1965.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1548. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

**434**

Darrell F. Smith, Atty. Gen., Phoenix, Norman E. Green, County Atty., Pima County, Tucson, Carl Waag, Deputy County Atty., Pima County, Tucson, for appellee.

S. Leonard Scheff, Tucson, for appellant.

KRUCKER, Chief Judge.

Defendant-appellant, Eugene Victor Johnson, entered a plea of guilty to an information charging burglary, first degree, committed on or about the 21st day of April, 1962. After due hearing and consideration the defendant-appellant was granted probation on the 22d day of May, 1962. Probation was revoked on July 24, 1964, by the Honorable John F. Molloy and from the order revoking probation defendant was sentenced to the Arizona State Prison for a term of not less than four nor more than five years, sentence to date from July 24, 1964.

The only assignment of error is that the defendant was not represented by counsel and that the defendant is constitutionally entitled to representation by counsel on a revocation of probation hearing.

Both appellant and appellee rely upon State v. Edge (1964), 96 Ariz. 302, 394 P.2d 418.

There is no transcript of the proceedings at the time of the revocation of probation, but it is admitted that appellant's counsel in this appeal was present in court at the time of the revocation and that counsel informed the court that he was not prepared, due to short notice, and that if the judge desired representation for the defendant a continuance was requested. The court indicated that representation for defendant was not necessary and proceeded to revoke the probation of the defendant.

Our Supreme Court, in Varela v. Merrill (1937), 51 Ariz. 64, 74 P.2d 569, agreed with the State's contention that the court may, without formal trial or the taking of evidence in the ordinary manner, revoke the suspension of sentence and proceed to sentence the defendant for the crime for which he was originally convicted. Appellant argues that this law is now out dated by the recent trend of the courts in liberalizing the right to counsel, but if our Supreme Court had any intention to change or modify its holding in the Varela case, it certainly had the opportunity to make some mention of it in State v. Edge, supra. In the Edge case, the court states:

"A revocation of probation is a matter of discretion with the trial court, and a probationer brought before court for such a determination without being furnished counsel has not been deprived of his constitutional right."

■ The statute dealing with revocation of probation, A.R.S. § 13–1657, grants the judge pronouncing sentence this discretion, and unless this matter is changed by legislative enactment or unless there is a clear abuse of discretion this Court holds that there is no right to counsel at a hearing under the provisions of A.R.S. § 13–1657 and that if a defendant is entitled to a hearing, as a matter of right, and representation by counsel at such hearing, the legislature, not this Court, should lay down the guidelines.

"It will be observed that nowhere in our statute is there any provision that a defendant must be brought before the court when the suspension of his sentence is revoked, nor that he is entitled to a hearing on the question, although of course he must appear when sentence is pronounced.

\* \* \* \* \* \*

"We hold, therefore, following what we consider the better rule, that since

in Arizona the suspension of sentence is a matter of grace, and not of right, and its granting by the trial judge is purely a matter of discretion, and since the statute nowhere provides as to the character or *quantum* of the evidence necessary to satisfy him that a defendant has violated the conditions of his probation, that when the record shows affirmatively that the trial judge has ordered the suspension of sentence revoked and pronounced sentence, the defendant being present at such time of sentence, there is a conclusive presumption that the trial judge has, in the language of the statute, had 'reason to believe that the person so placed upon probation is violating the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates, or a vicious life.' The record shows that the suspension of sentence was revoked by the court, and that the petitioner was present when he was sentenced. This is sufficient under our statute to sustain the action of the trial court on a petition for a writ of *habeas corpus*." Varela v. Merrill, supra.

Also see In re Johnson (1939), 53 Ariz. 161, 87 P.2d 107.

It is, therefore, ordered that the judgment of the trial court is affirmed.

HATHAWAY, J., and WILLIAM C. FREY, Superior Court Judge, concurring.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge WILLIAM C. FREY was called to sit in his stead and participate in the determination of this decision.