420 P.2d 298

In the Matter of the Application of John O. Johnson for a Writ of Habeas Corpus.

**John O. JOHNSON, Petitioner,**

v.

**The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Respondents.**

**No. 2 CA–HC 38.**

Court of Appeals of Arizona.

Nov. 22, 1966.

Rehearing Denied Dec. 30, 1966.

John O. Johnson, in pro. per.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., Phoenix, for respondents.

KRUCKER, Chief Judge.

John O. Johnson, in propria persona, has filed in this Court an application for a writ of habeas corpus. The tenor of his application is that he was not represented by counsel on January 27, 1961, the date set for his sentencing after his plea of guilty to a felony charge, issuing a check on insufficient funds.

Briefly, the following sequence of events is disclosed by the record. On January 24, 1961, petitioner entered his plea of guilty after stating that he neither was represented.

by counsel nor desired counsel. On January 27, 1961, he was adjudged guilty, and the court ordered that imposition of sentence be suspended for a period of five years upon certain terms and conditions. On September 6, 1961, the court, finding that the terms of probation had been violated, ordered the issuance of a bench warrant for petitioner's arrest. A like order was again entered on December 8, 1964.

Subsequently, on January 26, 1966, the court entered an order revoking petitioner's probation and sentencing him to the Arizona State Prison for a term of no less than three nor more than five years, commencing with the date on which petitioner would be brought into court for re-sentencing pursuant to the bench warrant of arrest issued the same day. Petitioner was subsequently located in California, extradited and re-sentenced on May 26, 1966. At the time of re-sentencing, petitioner again stated he did not desire services of counsel, after being advised of his right to counsel. The same sentence was imposed, three to five years from May 26, 1966, with sixty-five days credit given for time served. An amended re-sentencing was entered on June 8, 1966, which amended the re-sentencing only in that the sixty-five day period was described, i. e., March 23, 1966, to May 26, 1966, the date of re-sentencing.

The gravamen of petitioner's claim of illegal imprisonment is a denial of his constitutional right to counsel at *all* stages of the proceedings, since he was not advised of his right to assistance of counsel on January 27, 1961, the date set for sentencing, when he was placed on probation.

 It is the rule in this jurisdiction that absence of counsel when sentence is pronounced will invalidate the sentence. Pina v. State, 100 Ariz. 47, 410 P.2d 658 (1966); Lee v. State, 99 Ariz. 269, 408 P.2d 408 (1965). However, the rule is inapplicable when counsel has been waived. While there is no statutory limitation as to when counsel may be appointed, State v. Superior Court in and for County of Pima, 2 Ariz.App. 466, 469, 409 P.2d 750

(1966), a trial court has a duty to inquire as to whether a defendant desires the aid of counsel before he is arraigned. Rule 163, Arizona Rules of Criminal Procedure, 17 A.R.S.

 The record discloses that petitioner, at his arraignment, stated that he neither was represented by counsel nor desired the aid of counsel. There is no statutory duty imposed upon a trial court to make continuing inquiry into a defendant's desire for the assistance of counsel. Concededly, there might arise a situation whose circumstances would require a trial judge, sua sponte, to re-inquire as to a defendant's desire, but such is not the case here. E. g., State v. Betts, 2 Ariz.App. 27, 406 P.2d 229 (1965). Petitioner having declined the assistance of counsel at his arraignment thereby waived his right thereto at the subsequent proceedings and cannot complain because he was not represented by counsel on January 27, 1961. See Panagos v. United States, 324 F.2d 764 (10th Cir. 1963); Davis v. United States, 226 F.2d 834 (8th Cir. 1955), cert. den. 351 U.S. 912, 76 S.Ct. 702, 100 L.Ed. 1446; Commonwealth ex rel. Hullig v. Ashe, 145 Pa.Super. 11, 20 A.2d 852 (1941).

Another question, though not directly argued by the petitioner, presents itself from the face of the record before us concerning the validity of the sentence imposed. As heretofore indicated, petitioner was not present when the court revoked his probation and simultaneously therewith sentenced him in absentia, the sentence to commence when the petitioner's presence for re-sentencing was secured. Petitioner argues that his constitutional rights were violated as he did not waive his right to counsel at the January 26, 1966 revocation of probation and imposition of sentence. We do not deem presence or absence of counsel at this time to be the problem but rather whether petitioner's absence invalidated the sentence.

 It is well settled in this State that *both* the revocation of the suspension of sentence and the pronouncement of sentence

must be accomplished during the probationary period. Haney v. Eyman, 97 Ariz. 289, 292, 399 P.2d 905 (1965); In re Johnson, 53 Ariz. 161, 87 P.2d 107 (1939); In re Keene, 47 Ariz. 191, 54 P.2d 791 (1936). In the instant case, the trial court did both during the required period, but the petitioner was not present.

At common law it was the rule that the defendant had to be personally present when judgment of corporeal punishment was pronounced. 24 C.J.S. Criminal Law § 1574. Rule 235, Arizona Rules of Criminal Procedure, 17 A.R.S., provides in pertinent part:

> "The defendant shall be present when a sentence of death or imprisonment is pronounced and if such sentence is pronounced in his absence, he shall be resentenced when his presence is secured."

It has been held that a trial conducted in the absence of the defendant is not error when the defendant voluntarily absents himself. State v. Cumbo, 96 Ariz. 385, 387, 396 P.2d 11 (1964). But what is the effect on a sentence pronounced in absentia of a defendant's voluntary absence? Many courts have held that the defendant cannot, by his voluntary absence, waive the right to be present when sentence is pronounced. E. g., State v. Fedder, 1 Utah 2d 117, 262 P.2d 753 (1953); State ex rel. Sehtsky v. Utecht, 228 Minn. 44, 36 N.W.2d 126, 6 A.L.R.2d 988 (1949); Ex parte Lyde, 17 Okl.Crim. 618, 191 P. 606 (1920); State v. McClain, 156 Mo. 99, 56 S.W. 731 (1900). Other courts take the view that a defendant may waive his right to be present when sentenced by voluntarily or wilfully absenting himself. E. g., People v. Smith, 6 Ill.2d 414, 129 N.E.2d 164 (1955); People v. Brown, 102 Cal.App.2d 60, 226 P.2d 609 (1951); People v. Weinstein, 298 Ill. 264, 131 N.E. 631 (1921).

We are of the opinion that the petitioner should not be permitted to take advantage of his own wrong to defeat the ends of justice and must be held to have waived, by his own misconduct, his right to be present when sentence was pronounced. We believe that Rule 235, Arizona Rules of Criminal Procedure, 17 A.R.S., by its very language, was intended to apply in just such a situation. Hed it been intended that sentence pronounced in the absence of a defendant be prohibited, the provision for re-sentencing when "sentence is pronounced in his absence" would be meaningless.

Since the petitioner violated the terms of his probation, and the record discloses due diligence on the part of the authorities to secure his presence before revoking the suspension of sentence, we hold that petitioner waived his right to be present at the January 27, 1966 sentencing. If the proceedings were irregular, such irregularity was cured at the re-sentencing when petitioner was afforded an opportunity to speak on his own behalf and additionally was afforded an opportunity to avail himself of the assistance of counsel in the proceedings.

Finding no merit in petitioner's claim of illegal detention, the application for a writ of habeas corpus is hereby denied.

HATHAWAY and MOLLOY, JJ., concur.