427 P.2d 563

**John E. RODGERS, Appellant,**

**v.**

**The STATE of Arizona ex rel. Frank A. EY-MAN, Warden, Arizona State Prison, Appellee.**

**No. 2 CA–CIV 385.**

Court of Appeals of Arizona.

May 16, 1967.

John E. Rodgers, in pro. per.

Darrell F. Smith, Atty. Gen., Phoenix, for appellee.

PER CURIAM:

This case is before us on appeal from a superior court order denying appellant's petition for a writ of habeas corpus. The petition asserted appellant's right to immediate discharge from the Arizona State Prison for the reason that his commitment was void. He claimed that the superior court had lost jurisdiction to impose sentence upon him.

Briefly the facts are as follows. On September 27, 1962, appellant was adjudged guilty of a felony, but the imposition of sentence was suspended for five years and appellant was placed on probation under certain terms and conditions. On April 1, 1965, the court ordered revocation of probation and sentenced appellant to imprisonment in the state prison for a period of not less than four years and ten months

nor more than five years, commencing February 27, 1965. The appellant was not represented by counsel at sentencing and subsequently attacked the validity of the sentence in habeas corpus proceedings. He prevailed and the Pinal county superior court ordered the case remanded to Maricopa county for the purpose of resentencing appellant. On November 2, 1966 resentencing was accomplished, the same sentence being imposed.

·In the subject petition for habeas·corpus. relief, appellant stated that these circumstances are unusual. Be that as it may, the interpretation of these circumstances urged by appellant is unusual·and novel. His contention is that on November 2, 1966 the superior court was without jurisdiction to sentence him as the five-year probation period had expired. To support this conclusion, he submits the following computation:

|  | | | |
|---|---|---|---|
| "Time from start of probation until sentencing (September 27, 1962–November 2, 1966) | 4 yrs. | 1 mo. | 5 days |
| Two-for-one credit earned (May 15, 1965–September 30, 1966) | 1 yr. | 4 mos. | 15 days |
| Good conduct credit or one year | --- | 2 mos. | --- |
| Total time earned at time sentence imposed | 5 yrs. | 7 mos. | 20 days" |

According to our calculations, however, the five year probation period did not expire until five years from September 27, 1962, the date of the order for probation. At any time prior to expiration of this period, the trial court had jurisdiction to revoke appellant's probation and sentence him. A.R.S. § 13–1657; Haney v. Eyman, 97 Ariz. 289, 399 P.2d 905 (1965). However, expiration of the probation period before resentencing would have required appellant's discharge, as in the case of Pina v. State, 100 Ariz. 47, 410 P.2d 658 (1966).

Appellant is attempting to utilize sentence reduction credits earned pursuant to A.R.S. §§ 31–451 and 31–452 to support his conclusion that the probation period had expired. Apparently he is under the impression that he received a *sentence* of five years' probation which, according to his calculations, he had completed. Such is not the case for he was not sentenced until after revocation of his probation. The *sentence* commenced to run from February 27, 1965. The two-for-one and good conduct credits apply against the sentence and not to shorten the probation period.

The contents of appellant's petition refuted his claim of illegal detention and the trial court correctly denied his petition.

Order affirmed.

HATHAWAY, C. J., and MOLLOY and KRUCKER, JJ., concur.