524 P.2d 956

Richard Charles KELLER, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, Williby E. Case, Jr., Judge of the Superior Court in and for the County of Maricopa, Respondents;

Moise BERGER, County Attorney for the County of Maricopa, and State of Arizona, Real Parties in Interest.

No. 1 CA-CIV 2788.

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 1, 1974.

Ross P. Lee, Maricopa County Public Defender by Stephen M. R. Rempe, Deputy Public Defender, Phoenix, for petitioner.

Moise Berger, Maricopa Cty. Atty. by Jerry L. Stejskal, Deputy County Atty., Phoenix, for real parties in interest.

OPINION

HAIRE, Presiding Judge.

The question raised in this special action proceeding is whether the respondent judge had jurisdiction to continue with probation revocation proceedings when the probationary term of the defendant (petitioner herein) expired after the filing of the petition to revoke probation, but before the time set for the initial preliminary revocation hearing.

The admitted facts show that the defendant was originally convicted of the crime of accessory after the fact to burglary, a misdemeanor. He was placed on probation for a term of two years commencing on May 1, 1972. On April 26, 1974, still within the two-year probationary term, a petition to revoke his probation was filed. The defendant was arrested, and made his initial appearance before the court on April 30, 1974, at which time the revocation charges were explained to him, his indigency was determined, and counsel was appointed to represent him. Also at that time, the preliminary hearing on probation revocation was set for May 13, 1974, a date which would be beyond the two-year probationary term.

At the May 13, 1974 preliminary revocation hearing, the respondent judge found that the defendant had violated the terms and conditions of his probation and set May 21, 1974 as the time for the final revocation hearing. Prior to May 21, 1974, the defendant filed a motion to dismiss the revocation proceedings based upon his contention that the court no longer had jurisdiction because his probation term had expired on May 1, 1974.[1] The respondent judge denied the motion, but did delay further proceedings upon counsel's request pending review of the denial by this special action proceeding. Immediately after oral argument before this Court, we entered our order granting the relief requested by the defendant, and directing his discharge from further revocation proceedings. This opinion sets forth the reasons for our order.

A.R.S. § 13–1657 contains the statutory authority for placing a defendant on probation. Subsections B and D of that statute set forth the terms and conditions pursuant to which probation may be revoked and a sentence imposed. The trial court's power in this area is purely statutory, and it must be exercised within the time and upon the terms indicated by the statute. In re Keene, 47 Ariz. 191, 54 P.2d 791 (1936). Insofar as pertinent, these subsections read as follows:

> "B. At any time *during the probationary term* of the person released on probation, . . . the court may . . . revoke and terminate the probation. . . .
>
> \* \* \* \* \* \*
>
> "D. The court may at any time *during the period of probation* revoke or modify its order of suspension of imposition or execution of sentence. . . . [I]f the court has not seen fit *to revoke the order of probation and impose sentence or pronounce sentence, the defendant shall*, at the end of the term of probation, *be discharged* by the court." (Emphasis added.)

The Arizona Supreme Court has had occasion to consider the question presented here in an early decision. In In re Keene, *supra*, under essentially identical statutory provisions, the facts showed that prior to the expiration of the defendant's term of probation, the trial judge entered an order revoking his probation and a bench warrant for his arrest was issued. However, the defendant was not apprehended until after his probationary term had expired. After his arrest the trial judge sentenced him to a term in prison. Upon the filing of a habeas corpus petition by the defendant, the Arizona Supreme Court analyzed the pertinent statutory provisions, noted that they clearly require the accomplishment of both revocation of probation and imposition of sentence prior to the end of the term of probation, and then ordered the discharge of the defendant based upon the trial court's lack of jurisdiction. This same principle· has been applied or recognized in several subsequent decisions, Pina v. State, 100 Ariz. 47, 410 P.2d 658 (1966); Haney v. Eyman, 97 Ariz. 289, 399 P.2d 905 (1965); In re Johnson, 53 Ariz. 161, 87 P.2d 107 (1939); Brooks v. State, *supra*; Rodgers v. State, 5 Ariz.App. 429, 427 P.2d 563 (1967), and would appear to be dispositive of the issue presented here. However, the State urges that recently imposed time-consuming probation revocation procedures require a departure from, and relaxation of, the prior law in this area, citing State v. Settle, 20 Ariz.App. 283, 512 P.2d 46 (1973) and Rule 27, Rules of Criminal Procedure, 17 A.R.S. (1973).

Initially, we acknowledge that, given the fact that a petition for revocation is filed some five days before the expiration

---

1. Concerning the computation of time for probation term purposes, see Brooks v. State, 51 Ariz. 544, 78 P.2d 498 (1938). (Overruled in part by State v. Heron, 92 Ariz. 114, 374 P.2d 871, 872 (1962)).

of the term of a defendant's probation, there is no possibility, consistent with State v. Settle, *supra*, and the 1973 Rules of Criminal Procedure, that probation can be revoked and a sentence imposed prior to the expiration of that particular defendant's term of probation.[2] From the foregoing we recognize that the continued application of A.R.S. § 13–1657 will necessarily result in a *de facto* reduction of the pronounced term of probation. On the other hand, it is clear that the trial court's substantive jurisdiction in this area flows from and is dependent upon that statute. Given these circumstances, we have no choice but to enforce the statute, and hold that, notwithstanding the procedural time limits of the 1973 Rules of Criminal Procedure, the trial court does not have jurisdiction over a probationer where probation revocation procedures and the imposition of a sentence have not been accomplished prior to the expiration of his term of probation.

Lest there be some misunderstanding, we state that we do not find any indication in the 1973 Rules of an intent to increase the statutorily vested sentencing jurisdiction of the superior court. To the contrary, the Arizona Supreme Court's comments to Rule 27.3 state that A.R.S. § 13–1657 D provides "the power to terminate the term of probation", thereby recognizing that the trial court's jurisdiction in this area flows from that statute.

For the foregoing reasons we have previously issued our order granting the relief requested by the petitioner in this special action proceeding, and hereby confirm that order in all respects.

EUBANK and STEVENS, JJ., concur. Note: Judge EINO M. JACOBSON, having requested that he be relieved from consideration of this matter, Judge HENRY S. STEVENS was called to sit in his stead and participate in the determination of this matter.

---

2. Of course this could be accomplished if a defendant voluntarily and intelligently waived his procedural rights, an unlikely event under such circumstances.