540 P.2d 762

**The STATE of Arizona, Appellee,**

v.

**Bernardo Ernesto JORDAN, Appellant.**

**No. 2 CA–CR 632.**

Court of Appeals of Arizona, Division 2.

Sept. 30, 1975.

Rehearing Denied Oct. 22, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Frank T. Galati, Asst. Attys. Gen., Phoenix, for appellee.

Ramon R. Alvarez, Douglas, for appellant.

OPINION

HATHAWAY, Judge.

Appellant, defendant below, was charged with possession of marijuana in violation of A.R.S. § 36–1002.05. Neither the complaint nor the information specified whether he was charged with a felony or a misdemeanor. Pursuant to a plea agree-

**32**

ment, defendant pled guilty to possession of marijuana, a misdemeanor.[1]

Judge Winkler stated:

"It is the finding of the Court that the defendant knowingly, voluntarily and intelligently enters a plea of guilty to the charge of possession of marijuana, a misdemeanor."

We find this to be an acceptance of the guilty plea. See *State v. Madrid*, 9 Ariz. App. 207, 450 P.2d 719 (1969).

■ On the date set for sentencing, Judge Deddens refused to be limited to the misdemeanor range of sentence. Although Judge Deddens gave defendant an opportunity to withdraw his plea, defendant did not do so. Judge Deddens stated:

"In other words, the defendant is going to permit his plea of tuilty [sic] to stand—plea of guilty, before Judge Winkler to stand and permit this Court to sentence him reserving whatever rights he may claim to have by reason of the fact that a plea of guilty was entered following this plea agreement having been entered into which says he would plead guilty to possession of marijuana? MR. ALVAREZ: That is correct, Your Honor."

The court found defendant guilty of a felony and sentenced him to three years' probation.

This sentence clearly exceeds the one year maximum for a misdemeanor. See A.R.S. § 36–1002.05. Defendant pled guilty to a misdemeanor. He never withdrew this plea.

In *Haney v. Eyman*, 97 Ariz. 289, 399 P.2d 905 (1965), the defendant pled guilty to passing a $21 bonus check and was placed on probation. Later his probation was revoked and he was given a four to five year sentence for forgery. The court stated:

"A judgment or sentence must conform to the offense for which an accused has been charged and convicted, or to which he has entered his plea of guilty. The court cannot render judgment or pronounce sentence for another or different offense." *97 Ariz. at 291, 399 P.2d at 906.*

In the present case, if the trial judge allows the guilty plea to stand, defendant's sentence must be reduced to fall within the misdemeanor range. If the trial judge finds the plea unacceptable, he should set it aside.

Sentence is vacated and the cause is remanded for proceedings consistent with this opinion.

HOWARD, C. J., and KRUCKER, J., concur.

1. A.R.S. §§ 13–103(C), (D) and (E) vest in the prosecuting attorney the authority to designate as a felony or a misdemeanor crimes such as possession of marijuana which are punishable either by imprisonment in state prison or imprisonment in county jail.