JAMES VEARL SHERMAN, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 10378

July 12, 1978                                              581 P.2d 1278

*Samuel S. Wardle,* of Carson City, for Appellant.

*Robert List,* Attorney General, and *D. G. Menchetti,* Deputy Attorney General, for Respondent.

## OPINION

*Per Curiam:*

James Vearl Sherman has appealed from the district court's denial of his petition for writ of habeas corpus, alleging that the court was without jurisdiction to revoke his probation. While on probation Sherman was arrested pursuant to a warrant, and charged with violation of the terms of his probation. Before a probation hearing was held some fifty-three days later, the term of probation expired. Sherman argues that this expiration deprived the district court of jurisdiction to hear the revocation. We agree with the district court that jurisdiction was not lost.

The power of the trial court to terminate, modify, or revoke probation flows directly from statutory grant, and "must be exercised within the time and upon the terms indicated by the statute." Keller v. Superior Court in & for Cty. of Maricopa, 524 P.2d 956 (Ariz.App. 1974); In re Griffin, 431 P.2d 625 (Cal. 1967). While NRS 176.215, as that statute read at the time of the proceedings below,[1] clearly requires that a warrant be issued and the probationer be arrested "during probation," there exists no requirement in the statute that the probation

---

[1]Prior to its amendment in 1977, NRS 176.215 read, in pertinent part:

"2. At any time during probation . . . the court may issue a warrant for violating any of the conditions of probation . . . and cause the defendant to be arrested. . . . 3. . . . . The court retaining jurisdiction shall cause the defendant to be brought before it, and may continue or revoke the probation . . . and may cause the sentence imposed to be executed." This statute was amended in 1977, *see,* Stats. Nev., 1977, 814.

revocation hearing be held prior to the expiration of the pronounced term of probation. In each of the cases arising in other jurisdictions cited to us by the appellant, the applicable revocation statute has specifically required that the revocation, rather than the arrest, take place prior to the expiration of the term of probation. *See,* Keller v. Superior Court in & for Cty. of Maricopa, *supra;* In re Griffin, *supra;* Pina v. State, 410 P.2d 658 (Ariz. 1966).

In the absence of specific statutory direction, we decline to construe NRS 176.215 as it existed prior to amendment to deprive the district court of jurisdiction over a probation revocation proceeding merely because the final revocation occurs after the probation term has expired. Such a construction would only result in a "defacto reduction in the pronounced term of probation," Keller v. Superior Court in & for Cty. of Maricopa, *supra,* 524 P.2d at 958, since a revocation procedure involving careful attention to the probationer's procedural due process rights, *see,* Morrissey v. Brewer, 408 U.S. 471 (1971), will of necessity extend over more than a few days. Moreover, our adoption of the construction contended for by the appellant would only give the probationer arrested somewhat near the end of his term every incentive to delay his revocation proceedings as much as possible through the use of dilatory procedural tactics, in an attempt to reach and pass the termination date of his original probation term and retroactively deprive the court of jurisdiction over him.

As we read former NRS 176.215, it is the initial act of pretermination arrest which vests jurisdiction in the district court to revoke probation, not the fortuitous fact that the proceedings are subsequently concluded before the expiration of the original term.

Affirmed.