**Anthony Joseph YOKLEY,
Petitioner–Appellant,**

v.

**Anthony BELASKI, Warden,
Respondent–Appellee.**

No. 92–1149.

United States Court of Appeals,
Tenth Circuit.

Dec. 23, 1992.

ios presented by the cases cited by the defendant.

424

Anthony Joseph Yokley, pro se.

Michael J. Norton, U.S. Atty., David M. Conner, Asst. U.S. Atty., for respondent-appellee.

Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*

EBEL, Circuit Judge.

This is an appeal from the district court's denial of habeas corpus relief under 28 U.S.C. § 2255. On June 27, 1990, the petitioner was sentenced to a ten-year term of incarceration for counterfeiting in violation of 18 U.S.C. § 511 (now § 513). He is currently serving his sentence at the Federal Correctional Institution in Littleton, Colorado. The petitioner contends that, because the term of his incarceration includes three leap years, his sentence will be impermissibly enhanced by three days in violation of his equal protection and due process rights. We find that this novel argument is without merit and accordingly affirm the district court.

The due process clause of the Fifth Amendment states that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law." U.S. Const., Amd. V. However, in the instant case, we do not find that the petitioner has shown that he has been denied liberty beyond the sentence which was lawfully imposed.

■ The petitioner was sentenced to a term of years, not days. We hold that a "year," for purposes of sentencing, refers to a calendar year and is defined as a period of twelve months commencing on a

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

specified day of a particular month and terminating as of the same day of the same month in the succeeding year. *City of Las Vegas v. Kitchell Contractors, Inc. of Arizona*, 768 F.Supp. 742, 746 (D.Nev.1991). The petitioner is unable to provide, and we are unable to locate, any authority which would suggest that we should measure in terms of 365 day increments a sentence that has been imposed in terms of years.[1] For purposes of sentencing, therefore, we conclude that when an inmate is incarcerated for a term of years it makes no difference that a year contains 365 or, in the case of a leap year, 366 days.[2]

At least one other court has considered the meaning of the word "year" and has come to the same conclusion.

> While it is true that the calendar year ordinarily is 365 days, this does not mean that the 366 days the leap year has constitute more than a calendar year. No one could urge with any plausibility that 1936 was not a calendar year the same, for instance, as 1935 or 1937. The term "calendar year" undoubtedly applies just as much to a leap year as it does to any other year.

*Johnson v. Arizona*, 53 Ariz. 161, 87 P.2d 107, 109 (1939). *See also Arizona v. Rodriguez*, 153 Ariz. 182, 735 P.2d 792, 796 (1987) (use of the word "years" included leap years for the purposes of statutory construction); *Rice v. Blair*, 158 Ky. 680, 166 S.W. 180, 180 (Ky.Ct.App.1914) ("the word 'year' [includes a] leap year").

The petitioner also alleges that his Fourteenth Amendment equal protection rights are violated by the additional days of incarceration in the leap years. We find this claim to be without merit as well.

Equal protection analysis proceeds generally along two separate standards of review. If the petitioner is a member of a suspect class or if he is being denied a fundamental right the courts use a strict scrutiny test. *Eaton v. Jarvis Products Corp.*, 965 F.2d 922, 929 (10th Cir.1992). In the instant case the petitioner compares himself with other defendants who committed the same or similar crimes and who, by virtue of when they were incarcerated vis-a-vis the occurrence of leap years, are serving less time. We do not find that this comparison gives rise to a finding of a suspect class. Further, in light of our finding that petitioner's incarceration for a term of years that includes leap days does not amount to a violation of due process, we are unable to find that a fundamental right has been violated. Therefore we examine the appellant's claim under the test of whether the action being challenged is rationally related to legitimate governmental objectives. *Schweiker v. Wilson*, 450 U.S. 221, 230, 101 S.Ct. 1074, 1080, 67 L.Ed.2d 186 (1981).

In the instant case, we find that the use of the standard term "year," encompassing both typical and leap years, is rationally related to the legitimate interest of the efficient functioning of the penal system.

Accordingly we find that there is no violation of the petitioner's equal protection rights and AFFIRM the judgment of the district court.

---

**1.** Although the Gregorian calendar is less than perfect, it is a pervasive tool in the ordering of our daily lives. Were we to require greater exactitude, there would be no end to the claims that could be brought. The petitioner claims that "leap years" create disparities in the number of days he is incarcerated. However, there are a number of other factors that also affect time of incarceration. The different months of the year contain varying numbers of days which can create disparities. "Daylight Savings Time" can create disparities in the number of hours imprisoned. Each year we create further disparities by making micro adjustments to our clock to perfect our ability to tell time accurately.

**2.** Further, the plain language of the word "year" gives us no reason to distinguish leap years. The Websters Third New International Unabridged Dictionary defines "year" as "a cycle in the Gregorian calendar having 365 or 366 days divided into 12 months ..."; and "12 months of punishment or imprisonment." *See generally* Annotation, *What 12–Month Period Constitutes "Year" or "Calendar Year" as Used in Public Enactment, Contract, or Other Written Instrument*, 5 A.L.R.3d 584, § 5 at 592 (1966).