IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1907-05






ROBERT WILLIAM NESBIT, Appellant


 

v.
 


THE STATE OF TEXAS







ON STATE'S PETITION FOR DISCRETIONARY REVIEW 


FROM THE FIFTH COURT OF APPEALS

DALLAS COUNTY





 Hervey, J., filed a dissenting opinion in which Meyers and Keasler, JJ., joined. 


DISSENTING OPINION


 I respectfully dissent. The trial court's judgment recites that appellant's ten-year community
supervision ("probation") was to commence on April 29, 1994. The State filed its motion to revoke on
April 29, 2004. The Court decides that the State's motion to revoke was filed one day too late, because
appellant's ten-year probation began on April 29, 1994, and ended at midnight on April 28, 2004. I would
decide that the State timely filed its motion to revoke because appellant's probation began some time on
April 29, 1994, and ended at midnight on April 29, 2004. (1)

 This Court has stated that the Code Construction Act set out in Chapter 311 of the Government
Code controls the "computation of times provided in the Code of Criminal Procedure." See Scott v. State,
634 S.W.2d 853, 854-55 (Tex.Cr.App. 1982). This case involves computing a period of probation
provided in Article 42.12 of the Texas Code of Criminal Procedure. The Code Construction Act set out
in Chapter 311 of the Texas Government Code should, therefore, control the time-computation issue in
this case.

 Section 311.005(12) of the Texas Government Code provides that a "Year" means "12
consecutive months." In computing a "year," therefore, it is necessary to compute "a number of months." 
Section 311.014(c) of the Texas Government Code provides, in relevant part, that if "a number of months
is to be computed by counting the months from a particular day, the period ends on the same numerical day
in the concluding month as the day of the month from which the computation is begun ... " (2) In this case,
the "computation is begun" from April 29, 1994, which is the date that appellant's probation commenced
under the terms of the trial court's judgment. Under the plain language of Section 311.014(c), ten years
(or 120 months) from April 29, 1994, is and includes April 29, 2004, because this date is "the same
numerical day in the concluding month as the day of the month from which the computation is begun." This
comports with a majority of civil courts addressing similar time-computation issues. See Salahat v.
Kincaid, 195 S.W.3d 342, 343-44 (Tex.App.-Fort Worth 2006, no writ) (and cases cited); (3) see also
Awadelkariem v. State, 974 S.W.2d 721, 725 (Tex.Cr.App. 1998) (achievement of harmony between
criminal and civil precedent may also be considered in determining what rule to fashion). And, it comports
with the rule applied in a majority of other jurisdictions. (4)

 The Court, however, does not apply the plain language of Section 311.014(c) for computing "a
number of months." Instead, it applies an old common-law rule for "computing a period of days." See
Maj. op. at 5-9. The rule for computing a period of days is currently codified in Section 311.014(a) of the
Texas Government Code. Section 311.014(a) states that in "computing a period of days, the first day is
excluded and the last day is included." See Maj. op. at 6 (discussing this statutory rule). Applying this rule
to this case, the State's motion to revoke was timely because the first day of appellant's probation would
not be included but the last day would be included meaning that appellant's probation ended on April 29,
2004 (assuming that the three days for the leap years of 1996, 2000, and 2004 are not considered extra
days of appellant's probation). (5) Cf. Yokley, 982 F.2d at 424-25 (leap year days not considered additional
days of a defendant's sentence under definition of "year" as "period of twelve months commencing on a
specified day of a particular month and terminating as of the same day of the same month in the succeeding
year").

 The Court's opinion, however, states that the rule codified in Section 311.014(a) does not apply
in this case because "prior precedent construing the Code Construction Act" requires that the first day be
included which means that the last day has to be excluded to avoid "double counting." See Maj. op. at 6-8. (6) The Court apparently decides that the first day (April 29, 1994) has to be included because this is
when the probation-imposed restrictions on appellant's liberty began. See id.

 The "prior precedent" upon which the Court primarily relies is a 1980 Dallas Court of Civil Appeals
opinion in McGaughy v. Richardson stating:

 The parties agree that use of "month" in computing time means a calendar month. The
general rule is that a calendar month runs from the given day in one month to the day of the
corresponding number in the next month. [Citation omitted]. This rule is also embodied
in [the statutory predecessor to Section 311.014(c)], which establishes the method for
computing time limits in terms of months in legislative codes. That statute provides that if
the number of months is to be computed "by counting the months from a particular day,
the period ends on the same numerical day in the concluding month as the day of the month
from which the computation is begun." This rule rests on another rule, that when time is
to be computed from or after a designated day, the designated day will be excluded while
the last day of the period is to be included. If the first day of the period is to be included,
however, the last day of the period is to be excluded. [Citations omitted]. The last day is
excluded in these cases because if the first day and the last day are both included, the
period would be a month plus one day. [Citation omitted].


McGaughy v. City of Richardson, 599 S.W.2d 113, 114-15 (Tex.Civ.App.-Dallas 1980, writ ref'd
n.r.e.) (emphasis in original).

 

 However, this common-law rule of excluding the last day when the first day is included is not
codified in the Code Construction Act, and the Texas Supreme Court has also stated that this common-law
rule is no longer recognized in most jurisdictions. See Home Ins. Co. v Rose, 255 S.W.2d 861, 863 (Tex.
1953) ("It is said that [this] early common-law rule is in most jurisdictions no longer recognized").

 It would appear, that, if any rule for computing a period of days applies to this case, it would be
the rule currently codified in Section 311.014(a) of excluding the first day and including the last day. The
rationale for this rule has been explained as follows:

 The law takes no notice of fractions of a day ... and time is not, therefore, computed from
the hour of the day on which the event happens to the corresponding hour of the day of
performance, but the computation is from the day when the act was done. Such day is
regarded as a point in time, and the computation begins from the expiration of such day,
as, if counted, it would fail to give the party affected the whole of that day, but would give
only a factional part of it. [Footnote omitted].


 In order to give potential litigants the full force and effect of the time allowed under any
law, the first day must be excluded from the calculation. Otherwise, any portion, no matter
how small, of the first day would constitute one whole day.


See Teresa D. Caskey Locke, Oh What A Difference A Day Makes, Mattson v. U.S. West
Communication, Inc., 62 UMKC L. Rev. 227, 230 (1993) (quoting Massachusetts Bonding & Trading
Co. v. Home Life & Accident Com., 178 S.W. 314, 317 (Ark. 1915)). (7)


 This rationale also supports a decision that appellant's probation expired at midnight on April 29,
2004, under an application of the method for computing "a period of days" under Section 311.014(a) and
under an application of the method for computing "a number of months" under Section 311.014(c) even
with the restrictions on appellant's liberty beginning on April 29, 1994, when his probation commenced. (8) 
See also Concurring op. at 5 (Keller, P.J., concurring) ("month" rule incorporates the rule that "the first
day is excluded"). This rationale might also explain why the uncodified common-law rule for computing
a period of days described in cases such as McGaughy and applied by the Court in this case is no longer
recognized in most jurisdictions. See Home Ins. Co., 255 S.W.2d at 863. (9)

 Notwithstanding the foregoing, this case does not involve "computing a period of days." It involves
computing a period of years, in this case a period of ten years. See also Yokley, 982 F.2d at 424 (noting
that it was computing "a term of years, not days"). Appellant was placed on probation for ten years, not
3,650 days (excluding the three days for the leap years of 1996, 2000, and 2004). Any rule, whether
based on statute or common law, for computing a period of days should not apply to this case. This case
should be controlled by the time-computation rule in Section 311.014(c). (10)

 Finally, the Court's opinion suggests that applying the time-computation rule in Section 311.014(c)
to this case is neither logical nor fair. But, applying this time-computation rule to this case is just as logical
and fair as someone born on April 29 celebrating their birthday at any time on April 29. The Court's
opinion, however, would seem to require that this celebration occur before midnight on April 28. (11)

 I respectfully dissent.

 Hervey, J.


Filed: June 13, 2007

Publish
1. The record does not reflect the exact time that appellant's probation commenced on April 29,
1994, or the exact time that the State filed its motion to revoke on April 29, 2004.
2. The Court's opinion states that the "operative rule is that the duration of a time period during which
a person suffers specified restrictions upon his freedom by virtue of either a sentence of imprisonment or
community supervision includes the first day in which such restrictions upon freedom operate [footnote
omitted] and excludes the anniversary date." See Maj. op. at 8. This operative rule, however, could not
be used to determine the last day of a one month period of probation that commences on January 30
because there could be no February 30 "anniversary date." Section 311.014(c), however, could be used
to determine the last day of the one month period of probation which would be February 28 in a non-leap
year. See Section 311.014(c) (if "number of months is to be computed by counting the months from a
particular day, the period ends on the same numerical day in the concluding month as the day of the month
from which the computation is begun, unless there are not that many days in the concluding month, in which
case the period ends on the last day of that month"). 
3. In Salahat, the Court decided that the two-year statute of limitations period on a negligence cause
of action accruing on February 25, 2002, ended on February 25, 2004. See Salahat, 195 S.W.3d at
344-45. In Medina v. Lopez-Roman, the Court decided that the two-year statute of limitations on a
medical malpractice cause of action accruing on April 3, 1996, did not expire until April 3, 1998, and that
the plaintiff's lawsuit filed on that day was timely. See Medina v. Lopez-Roman, 49 S.W.3d 393, 397-99
(Tex.App.-Austin 2000, writ denied). The Court rejected as "untenable" the defendants' claim that the
two-year limitations period beginning on April 3, 1996, "expired on midnight of April 2, 1998, a 'full two
years later'" and that the plaintiff's lawsuit filed on April 3, 1998, was, therefore, filed "one day too late." 
See id.; Pitcock v. Johns, 326 S.W.2d 563, 565-66 (Tex.Civ.App.-Austin 1959, writ ref'd) ("four years
from September 26, 1945 expires on but includes September 26, 1949" and "period of time 'within six (6)
months after' February 28, 1957, expired on August 28, 1957").
4. See Yokley v. Belaski, 982 F.2d 423, 424-25 (10th Cir. 1992) (defining "year" as "period of
twelve months commencing on a specified day of a particular month and terminating as of the same day of
the same month in the succeeding year"); City of Las Vegas v. Kitchell Contractors, Inc. Of Arizona,
768 F.Supp. 742, 746 (D.Nev. 1991) (in context of measuring time before or after a given event, "year"
is usually interpreted to mean "a period of twelve months commencing at a fixed or designated month which
terminate[s] with the day of the corresponding month in the next succeeding year thereafter"); see generally
E. L. Strobin, Annotation, What 12-Month Period Constitutes "Year" or "Calendar Year" as Used
in Public Enactment, Contract, or Other Written Instrument, 5 A.L.R.3d 584 (1966). 
5. The State's motion to revoke was, therefore, timely under every statutory method of computing
time set out in Section 311.014.
6. Under an application of Section 311.014(c), there is no double counting in the sense that the same
day (such as April 29, 1994) is being counted twice. In addition, there is no double counting in the sense
that the same date (April 29) is being counted twice since Section 311.014(c) incorporates the "excluding
the first day and including the last day" time-computation method. See Footnotes 10, 11.
7. This law review article criticizes the decision of the Eighth Circuit Court of Appeals in Mattson v.
U.S. West Communication, Inc., which also disregarded the general rule for computing a period of days
of excluding the first day and including the last day, and held that the first day would be included and the
last day excluded in calculating the one-year statute of limitations for filing suit under the applicable statute
in that case. See Mattson v. U.S. West Communication, Inc., 967 F.2d 259, 261-62 (8th Cir. 1992). 
The Eleventh Circuit Court of Appeals has noted that Mattson "appears to stand alone" and the Tenth
Circuit Court of Appeals has noted that "[a]pparently, every other circuit to have weighed in on the issue
has rejected the position adopted by Mattson; indeed, two circuits termed the position later adopted by
Mattson 'frivolous.'" See American Canoe Association, Inc., Sierra Club v. Attalla, 363 F.3d 1085,
1089 n.4 (11th Cir. 2004); Johnson v. Riddle, 305 F.3d 1107, 1115 (10th Cir. 2002). 
8. This rationale also explains why a defendant's ten-year probation (or sentence under Article 42.09,
§ 1, Tex. Code Crim. Proc.) can begin on the day that it is pronounced (e.g., April 29) but that, under
the method of computing a period of days, this day (April 29) is excluded in calculating when this probation
(or sentence) ends. See Locke, supra at 230 (this day [April 29] is "regarded as a point in time" with the
computation beginning "from the expiration of such day," because, if this day [April 29] was counted, "it
would fail to give the party affected the whole of that day, but would give only a fractional part of it"); see
also Footnote 1 (record does not reflect exact time that appellant's probation commenced or exact time
that State filed its motion to revoke).
9. The Presiding Judge's concurring opinion reads the provisions in the probation statute and the
sentencing statute, that probation commences on the date that it is imposed, to also mean that "the first day
be included" in computing when it ends. See Concurring op. at 2 (citing Article 42.12, §§ 3(a), 4(a), Tex.
Code Crim. Proc., [probation statute], & Article 42.09, § 1, [sentencing statute]), and at 6 (probation
statute requires that "the first day be included"). From this, the concurring opinion concludes that the time-computation provisions in Section 311.014, providing for the exclusion of the first day, "irreconcilably
conflict[]" with the probation statute's requirement that "the first day be included." See Concurring op. at
6.

 The probation and sentencing statutes, however, address only when probation commences. These
statutes do not set out a time-computation method for determining when it ends. These statutes do not
provide that "the first day be included" in computing when a probationary term expires. Under the
probation and sentencing statutes and Section 311.014 of the Code Construction Act, a defendant's
probation can commence on the day that it is pronounced (e.g., April 29) while this day can also be
excluded in determining when it ends since the "law takes no notice of fractions of a day." See Footnote
8; Locke, supra at 230. These statutes do not irreconcilably conflict.
10. Footnote 13 of the Court's opinion cites Ex parte Hale for the proposition that a seven-year
sentence imposed on October 7, 1991, ended on October 6, 1998, and Ex parte Gabriel for the
proposition that an eight-year sentence imposed on July 19, 1989, ended on July 18, 1997. See Ex parte
Hale, 117 S.W.3d 866, 867 (Tex.Cr.App. 2003); Ex parte Gabriel, 56 S.W.3d 595, 596 (Tex.Cr.App.
2001). In these cases, neither party made an issue of when the sentences expired, and the Court did not
apply a time-computation rule for making this determination. These cases should not be considered
precedent for the Court's decision in this case.
11. The Court also suggests that its holding is necessary to prevent appellant from having to serve an
extra "day," which I assume means 24 hours. See Maj. op. at 9 (necessarily rejecting the argument that
"appellant is required to serve ten years and a day when he was placed on [probation] for exactly ten
years, no more, no less"). But, the time-computation rule applied by the Court in this case (of including
the first day and excluding the last day) actually results in appellant serving less than ten years on probation. 
For example, suppose that appellant began serving his probation at 5:00 p.m. on April 29, 1994. Under
the time-computation rule applied by the Court in this case, resulting in appellant's probation ending "at the
stroke of midnight" on April 28, 2004, appellant's probation was shortened by 17 hours (almost a "day"). 
See Locke, supra at 230. Under these circumstances, the State is deprived of these 17 hours, and, if the
State filed a motion to revoke before 5:00 p.m. on April 29, 2004, this motion would be considered
untimely even though filed before the expiration of "exactly ten years." In the final analysis then, the time-computation rule applied by the Court does not require appellant to serve "exactly ten years." None of
the time-computation rules discussed in the various opinions in this case are exactly precise. I would,
however, apply a time-computation rule codified in our statutes and applied by a majority of jurisdictions
rather than one based on personal notions of fairness and logic.