174 P.3d 1171 (2007)
STATE of Washington, Respondent,
v.
Mark HARRIS, Appellant.
No. 58313-1-I.
Court of Appeals of Washington, Division 1.
August 20, 2007.
Publication Ordered November 13, 2007.
*1172 Malcolm Ross, Attorney General of Washington, Seattle, WA, for Respondent.
Andrew Peter Zinner, Nielsen, Broman Koch PLLC, Attorney at Law, Seattle, WA, for Appellant.
SCHINDLER, A.C.J., DWYER, J. and APPELWICK, C.J.
PER CURIAM.
¶ 1 Mark Harris appeals his civil commitment as a sexually violent predator (SVP) under chapter 71.09 RCW. Harris contends the trial court's decision denying his request to testify in support of his motion to dismiss was an abuse of discretion. According to an offer of proof, Harris wanted to testify that the Department of Corrections (DOC) incorrectly calculated his release date and about DOC's failure to approve his release plan. Harris also contends the trial court abused its discretion by excluding testimony at trial that if Harris was released from total confinement, the State could file another SVP petition. Because we conclude the trial court did not abuse its discretion, we affirm.

*1173 FACTS

¶ 2 In 1977, Mark Harris was convicted of attempted sodomy and sentenced to five years probation. In 1981, he was charged with statutory rape involving a fourteen-year old boy and a thirteen-year old boy, and pleaded guilty to indecent liberties. While serving a ten-year deferred sentence, Harris successfully completed a sexual deviancy treatment program. In 1999, Harris pleaded guilty to communicating with a minor for immoral purposes by having oral genital contact with his nephew. On July 8, 1999, the trial court imposed a high-end standard range sentence of 60 months, the statutory maximum. His scheduled release date for the maximum term of his sentence was June 21, 2004. As a sex offender, Harris could earn early release credits and transfer to community custody in lieu of early release if DOC approved his release plan and residence. Harris was eligible for transfer to community custody on October 26, 2002.
¶ 3 On August 12, 2002, DOC rejected Harris's proposed release plan, because his mother did not want him to live with her. In January 2003, DOC denied his request to provide funding for a post-release residence because Harris had not yet completed a forensic psychological evaluation to determine whether he met the SVP criteria under chapter 71.09 RCW.
¶ 4 On June 17, 2004, the State filed a SVP petition and a motion for a determination of probable cause that Harris is a sexually violent predator. The court found there was probable cause to believe Harris met the SVP criteria. The court issued a warrant to detain Harris and scheduled a probable cause hearing. Harris later stipulated to probable cause and agreed to an SVP evaluation.
¶ 5 Before trial, Harris filed a motion to dismiss the SVP petition on the grounds that he was unlawfully detained beyond his earned early release date in violation of In the Matter of the Personal Restraint of William Dutcher, 114 Wash.App. 755, 60 P.3d 635 (2002), (DOC does not have the discretion to refuse to consider a proposed release plan), and In the Matter of the Personal Restraint of Jeffrey Liptrap, 127 Wash.App. 463, 111 P.3d 1227 (2005), (DOC's policy refusing to consider an inmate's release plan pending a forensic psychological evaluation was contrary to legislative requirements and violated due process). Harris also argued that because DOC's release date calculation was incorrect, the SVP petition was untimely.
¶ 6 In opposition, the State asserted that under Dutcher and Liptrap, the remedy for Harris's challenge to DOC's decision to reject his release plan was by means of a personal restraint petition, and not dismissal of the SVP petition. The State also argued that Harris's challenge to DOC's calculation of his release date was untimely.
¶ 7 Harris also filed a pretrial motion to present evidence that the State could file another SVP petition if he were released from confinement. Harris argued the testimony was relevant to show he had a lower risk of reoffense. The court heard the motion to dismiss on the first day of trial. The court denied Harris's motion to dismiss and denied the motion to present the evidence about the steps the State could take if Harris was released as hypothetical and not relevant.
¶ 8 At the conclusion of trial, the jury found the State proved beyond a reasonable doubt that Harris is a sexually violent predator. The trial court committed Harris to the Department of Social and Health Services' custody for placement in a secure facility. Harris appeals.

ANALYSIS
¶ 9 Harris contends the trial court abused its discretion in denying his request to testify in support of his motion to dismiss regarding DOC's calculation of his release date and DOC's rejection of his release plan.
¶ 10 The trial court has the discretion to decide whether to hear testimony in support of a motion to dismiss. State v. Kilgore, 147 Wash.2d 288, 294-95, 53 P.3d 974 (2002). The decision to accept an offer of proof is also "left to the sound discretion of the trial court." Kilgore, 147 Wash.2d at 295, 53 P.3d 974. A court abuses its discretion if the decision is based on untenable grounds or for untenable reasons. In the Matter of the Detention of Daniel Audett, 158 Wash.2d 712, 723, 147 P.3d 982 (2006).
*1174 ¶ 11 Harris argues that he should have been allowed to testify about his alleged unlawful detention. In In the Matter of the Detention of Richard Turay, 139 Wash.2d 379, 986 P.2d 790 (1999), the Washington Supreme Court rejected a similar argument.
¶ 12 In Turay, the trial court granted the State's motion to exclude evidence concerning the conditions of Turay's confinement at the Special Commitment Center (SCC). Turay, 139 Wash.2d at 403, 986 P.2d 790. On appeal, Turay claimed the trial court committed reversible error by excluding evidence of the conditions of confinement. The Washington Supreme Court disagreed with Turay, holding that the SVP court's role is not to determine whether the conditions of confinement are unlawful.
The trier of fact's role in an SVP commitment proceeding, as the trial judge correctly noted, is to determine whether the defendant constitutes an SVP; it is not to evaluate the potential conditions of confinement. See RCW 71.09.060(1) (stating `[t]he court or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator. . . . If the court or jury determines that the person is a sexually violent predator, the person shall be committed to the custody of the department of social and health services [DSHS] for placement in a secure facility operated by the department of social and health services').[1]
Turay, 139 Wash.2d at 404, 986 P.2d 790.
¶ 13 As in Turay, we conclude the trial court did not abuse its discretion in refusing to allow Harris to testify about his alleged unlawful detainment in support of his motion to dismiss.
¶ 14 In addition, the trial court did not abuse its discretion in refusing to allow Harris to testify about DOC's release date calculations. Harris had no personal knowledge regarding DOC's calculation of his release date, and because the motion was untimely, the State was unable to present DOC witnesses.
¶ 15 Lastly, Harris relied on Yokley v. Belaski, 982 F.2d 423 (10th Cir.1992), in his motion to dismiss, to argue that the SVP petition was untimely because his incarceration spanned two leap years. Yokley does not support Harris's argument.
¶ 16 In Yokley, the Tenth Circuit Court of Appeals rejected the inmate's argument that he was held three days beyond his maximum release date, because his incarceration spanned three leap years. Yokley, 982 F.2d at 424.
Although the Gregorian calendar is less than perfect, it is a pervasive tool in the ordering of our daily lives. Were we to require greater exactitude, there would be no end to the claims that could be brought. The petitioner claims that `leap years' create disparities in the number of days he is incarcerated. However, there are a number of other factors that also affect time of incarceration. The different months of the year contain varying numbers of days which can create disparities. `Daylight Savings Time' can create disparities in the number of hours imprisoned. Each year we create further disparities by making micro adjustments to our clock to perfect our ability to tell time accurately.
Yokley, 982 F.2d at 425.
¶ 17 Harris also contends that the trial court abused its discretion by excluding evidence at trial that the State could file a petition for his commitment if he were released. Harris argued that the evidence was relevant to show he was at a lower risk of reoffense because of the State's ability to file an SVP petition. In support of his argument, Harris relied on the jury instruction defining whether he was likely to engage in predatory acts of sexual violence if not confined.
In determining whether the respondent is likely to engage in predatory acts of sexual violent if not confined to a secure facility, you may consider all evidence that bears on the issue. In considering placement conditions or voluntary treatment options, however, you may consider only placement conditions or voluntary treatment options that would exist if the respondent is unconditionally released from detention in this proceeding.
¶ 18 But under RCW 71.09.015 and RCW 71.09.060(1), Harris could only present evidence *1175 concerning conditions that would actually exist if he was released from custody. RCW 71.09.015 provides that a party may only present evidence "conditions that would exist or that the court would have the authority to order." And RCW 71.09.060(1) provides that; "the fact finder may consider only placement conditions and voluntary treatment options that would exist for the person if unconditionally released from detention on the sexually violent predator petition." We conclude the trial court did not abuse its discretion in denying Harris's request to testify in support of his motion to dismiss or to exclude hypothetical evidence, and affirm.

ORDER GRANTING MOTION TO PUBLISH
The respondent, State of Washington has filed a motion for publication of the opinion filed on August 20, 2007 in the above matter. The appellant, filed an answered to motion, and the court has determined that the motion should be granted;
Now, therefore, it is hereby
ORDERED that the motion for publication is granted.
NOTES
[1] Emphasis in the original.